Mary Ann ASHBURN et al., Appellants,

v.

PHYSICIANS LIFE & ACCIDENT INSUR-
ANCE COMPANY OF AMERICA
et al., Appellees.

No. 10772.

Court of Civil Appeals of Texas.

Austin.

Feb. 10, 1960.

George S. McCarthy, Amarillo, for appellants.

Small, Small & Craig, Austin, for appellees.

ARCHER, Chief Justice.

Appellees Dewey Young, Dr. C. L. Lusk and Dr. Speight Jenkins have filed in this cause a Motion to Dismiss this appeal by Mary Ann Ashburn and Floyd W. Little, appellants, because this Court has no jurisdiction for the reason that it appears from the record that a judgment was duly signed and entered by the trial court on October 12, 1959, and no Motion for New Trial was made and notice of appeal was given by appellants and no appeal bond filed; that the judgment became final 30 days after the date of judgment.

We believe the motion should be granted and the appeal dismissed for want of jurisdiction.

A judgment of the trial court disposing of the case was made and entered on October 12, 1959. The appellants herein did not move for a new trial and did not give notice of appeal or perfect an appeal.

On November 25, 1959, the trial court, reciting the order entered on October 12, 1959, entered an order withdrawing and vacating such order and judgment and entered an order in the same wording and terms of the prior order, the only difference being the dates.

We believe that the court had lost jurisdiction over the first judgment 30 days after October 12, 1959, except to correct or amend such judgment for typographical errors or to make it speak the truth. Rule 329–b, Texas Rules of Civil Procedure. Thirty days had expired prior to November 25th. The judgment of October 12th had become final and the November 25th

entry was not made in a pending cause. Starr County v. Guerra, Tex.Civ.App., 282 S.W.2d 304.

No claim is made and the trial court made no finding that the original judgment was erroneous or did not speak the truth and no change was made in the original judgment by the subsequent judgment and such is in violation of Rule 5, T.R.C.P., in an effort to enlarge the period for taking an appeal in a manner not in accordance with the rules relating thereto. Sherstad v. Brown, Tex.Civ.App., 257 S.W.2d 454, er. ref. N.R.E.

The appeal is dismissed.