**AMERICAN HOSPITAL AND LIFE IN-SURANCE COMPANY, Appellant,**

v.

**C. V. KERN et al., Appellees.**

**No. 6547.**

Court of Civil Appeals of Texas, Beaumont.

June 14, 1962.

Rehearing Denied Sept. 5, 1962.

Hutcheson, Taliaferro & Hutcheson, Houston, for appellant.

Pollan & Nicholson, Rosenberg, for appellee.

STEPHENSON, Justice.

This is an appeal from an action of a County Court of Harris County sustaining a plea of privilege. The parties will be referred to here as they were designated in the trial court in Harris County.

Plaintiff brought this action to restrain the sheriff of Harris County and J. W. Tryanowski from levying execution upon a judgment rendered by the County Court of Fort Bend County, Texas. Plaintiff contends venue should be retained in Harris County under Section 4 of Article 1995. The sheriff of Harris County is a resident of that county and the other defendant, J. W. Tryanowski, is a resident of Fort Bend County. Section 4 of Article 1995, Vernon's Ann.Texas Revised Civil Statutes, reads as follows:

"Defendants in different Counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *"

However, Section 17, of Article 1995, reads as follows:

"Injunctions.—Suits to enjoin the execution of a judgment or to stay proceedings in any suit shall be brought in the county in which such judgment was rendered or in which such suit is pending."

Also, Article 4656, Vernon's Ann.Texas Revised Civil Statutes, reads as follows:

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered; * * *"

Plaintiff contends the judgment of the County Court of Fort Bend County is void. If the Fort Bend County judgment is void, then Section 17, of Article 1995 and Article 4656 have no application. Pinkston v. Farmers' State Bank of Center, Tex. Civ.App., 201 S.W.2d 595, and cases cited. It is therefore necessary for this court to review the record in reference to the Fort Bend County judgment and determine whether or not it is void upon its face or upon the record on which it was rendered. McDonald's Texas Civil Practice, Sec. 4.25, page 384.

■ In the Fort Bend County case, J. W. Tryanowski was plaintiff, and The American Hospital and Life Insurance Company was defendant. The case was tried before a jury, and judgment was rendered March 30, 1961 on the verdict for The American Hospital and Life Insurance Company. April 6, 1961, J. W. Tryanowski filed a motion for new trial. April 7, 1961, this motion for new trial was set for hearing April 25, 1961. April 20, 1961, J. W. Tryanowski filed a motion for correction of judgment and alternatively, a first amended motion for new trial. April 28, 1961, the docket sheets show that arguments were heard on the motion. May 16, 1961 the motion to correct judgment was amended by deleting the request for a new trial. June 21, 1961, the County Court of Fort Bend County entered an order vacating the original judgment dated March 30, 1961, and rendering judgment for J. W. Tryanowski. A total of 83 days elapsed from the date of the first judgment and the date of the second judgment. Rule 329b(5) provides as follows:

"Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial."

The motion for new trial was abandoned, so this judgment became final thirty days after March 30, 1961, except to correct and amend such judgment for typographical errors or to make it speak the truth. Ashborn v. Physicians Life & Accident Company of America, Tex.Civ.App., 332 S.W.2d 451. When the motion for new trial was deleted, all the court had before it was a motion to correct the judgment. A Reading of this motion reveals that it is not a request to correct some clerical error or mistake as contemplated by Rules 316, 317, 318 and 319 of the Texas Rules of Civil Procedure, but is in effect a request that the court render judgment for the plaintiff instead of the defendant and is based upon an interpretation of the substantive law applicable to the case. If the first judgment entered was void, then the trial court had the authority to set it aside by collateral attack even though the thirty day period had elapsed. There is nothing in this record to indicate the first judgment was void and thus subject to collateral attack. Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705.

■ Further, the motion to correct the judgment was not an original proceeding filed as an independent action alleging a meritorious cause of action and therefore was insufficient as a bill of review. Bridgman v. Moore, supra.

The cases cited by defendant J. W. Tryanowski are good authority for the proposition that if no judgment had been entered in this cause for 83 days, then the County Court of Fort Bend County could have rendered the second judgment. But, a judgment having been once rendered, and having become final because not appealed from within the time provided by law, could not be set aside upon pleadings designated as a motion to correct judgment, but which are, in effect, a motion to render judgment for one party instead of the other. The second judgment of the Fort Bend County Court, dated June 21, 1961, was void.

The judgment of the trial court is reversed and this cause is remanded to Harris County for trial.