**EL PASO MOULDING AND MANUFAC-
TURING CO., INC., Appellant,**

v.

**SOUTHWEST FOREST INDUSTRIES,
INC., Appellee.**

No. 6290.

Court of Civil Appeals of Texas,
El Paso.

March 7, 1973.

Rehearing Denied April 4, 1973.

Scoggins & Shaw, William G. Shaw, El Paso, Passman, Jones, Andrews, Coplin, Holley & Co., Gerald R. Coplin, Dallas, for appellant.

Edward C. Hughes, El Paso, for appellee.

## OPINION

WARD, Justice.

The Appellee, Southwest Forest Industries, Inc., recovered summary judgment on a sworn account for materials in the amount of $104,054.86 and on a non-jury trial before the Court the additional sum of $10,000.00 as attorney's fees. Some three months after its entry, after appeal had been perfected and without additional evidence, the judgment was amended at the request of the Appellee to increase the attorney's fees to the amount of $25,000.00. Appellant, El Paso Moulding and Manufacturing Co., Inc., centers its appeal on the attorney's fees and on this particular matter the judgment of the trial Court is reversed and rendered.

The various occurrences in the District Court are shown in light of the Appellant's points regarding the original allowance of the attorney's fee granted under Article 2226, Tex.Rev.Civ.Stat.Ann., as amended, and the increased allowance of attorney's fee granted in spite of the requirements of the Texas Rules of Civil Procedure, notably Rules 5 and 329b. We note these steps all of which occurred in 1972:

April 11. The original petition was filed alleging that beginning on December 27, 1971, and through March 6, goods, wares and merchandise were sold and delivered by the Plaintiff to the Defendant which totaled $87,749.33 and that this amount was due and owing. It is stated in the petition that the "claim, as herein alleged, was presented to Defendant more than thirty days preceding the filing of this suit," and that a reasonable attorney's fee is in the amount of $35,100.00. Attached to the petition are invoices concerning sales of purported materials, the nature of which are not set forth, which add to the sum of $87,749.33, with affidavit that the account in said sum is "within the knowledge of affiant, just and true; that it is due and unpaid, and that all just and lawful offsets, payments and credits have been allowed." The date of this affidavit is made on the —— day of April, 1972.

May 5. Unsworn general denial was filed by the Defendant.

May 11. Plaintiff's First Amended Original Petition was filed which is identical with the original petition except that it alleges that the account totaled $104,054.86 and that the reasonable attorney's fee is in the amount of $40,000.00. Attached to this petition are the identical invoices which were attached to the original petition which still total $87,749.33, but the affidavit attached states that the total of the account is in the amount of $104,054.86.

May 12. Plaintiff's unsworn Motion for Summary Judgment was filed and for

grounds states "that Defendant failed to comply with Rule 93, Vernon Texas Rules, Annotated, in that its Answer is not denied in accordance with the law."

May 19. Defendant's First Amended Original Answer was filed alleging that on that date the Defendant delivered to the Clerk of the Court the sum of $104,054.86 as payment in full of the account due the Plaintiff.

June 6. Judgment was entered reciting that the Plaintiff's Motion for Summary Judgment was heard on June 1 and "that the Defendant has not verified his Answer pursuant to Rule 93," and that summary judgment was thereby entered in favor of the Plaintiff in the sum of $104,054.86 "with interest thereon at the rate of six (6%) percent per annum from the 1st day of June, 1972." The judgment further states that the parties thereupon offered evidence upon the reasonableness and amount of attorney's fees and the additional sum of $10,000.00 was awarded to the Plaintiff as attorney's fees.

June 12. Defendant's Motion for New Trial was filed.

June 16. Defendant's Amended Motion for New Trial was filed and an order was entered the same day by which this motion was overruled. Notice of appeal was therein given, and the sum of $104,054.86 deposited in the Clerk's office was ordered paid to the Plaintiff in partial payment "of that certain Summary Judgment entered by this Court on June 1, 1972."

June 26. Cost deposit and certificate in lieu of appeal cost bond executed by the Clerk was filed thereby perfecting the appeal and placing the jurisdiction of the controversy in this Court. Rule 363, T.R.C.P.

June 30. Motion to Modify was filed by the Plaintiff requesting that the judgment be amended to award an attorney's fee to a greater sum not to exceed the amount prayed for in the Plaintiff's Amended Original Petition. This motion was ordered heard on July 14.

July 6. Motion for Continuance was filed by the Defendant regarding hearing on motion to modify, and a hearing on the motion to modify was ordered continued until August 22.

August 22. Plaintiff's Motion to Modify Judgment was overruled as the Court was of the opinion that it was then without jurisdiction to act.

August 25. Plaintiff's Amended Motion to Modify the judgment to award a greater sum of attorney's fee was filed which included a request to vacate the Court's order overruling the Plaintiff's original motion to modify the judgment which was heard on August 22.

August 31. Plaintiff's Amended Motion to Modify the judgment was heard and was granted, and on this application the Court modified and altered its former judgment so as to award plaintiffs attorney's fees in the amount of $25,000.00.

We will first dispose of the Defendant's points regarding the trial Court's action on August 31 when it purported to increase the attorney's fee to $25,000.00. Appellee has cited no authority for this late action but attempts to distinguish between the power of a trial Court dealing with a motion for new trial as opposed to amending a judgment. The distinction is without merit and the action of the trial Court undertaken on August 31 was a nullity. Rule 329b Par. 5, and Rule 5, T.R.C.P.; American Hospital and Life Insurance Company v. Kern, 359 S.W.2d 907 (Tex.Civ.App.—Beaumont 1962, writ dism'd); Boyd v. Gillman Film Corporation, 447 S.W.2d 759 (Tex.Civ.App.—Dallas 1969, writ ref'd n. r. e.). It has been said that the Texas practice proceeds on the notion that there is something slightly sacrosanct about the precise periods within which motions for new trial must be filed and determined. 4 McDonald, Texas Civil Practice, Sec. 18.06.1, p. 241. The same

may be said of the trial Court's inherent power to modify or amend a final judgment. It could have amended the final judgment until but not after the expiration of thirty days from the rendition of the final judgment of June 6. Rector v. Rector, 454 S.W.2d 229 (Tex.Civ.App.—Tyler 1970, no writ); 4 McDonald, Texas Civil Practice, Sec. 18.03, p. 220. It could have set aside its order overruling the motion for new trial and have granted to the Defendant a new trial at least during the thirty day period following June 16, the date the amended motion for new trial was overruled. Mercer v. Band, 454 S.W.2d 833 (Tex.Civ.App.—Houston (14th Dist.) 1970, no writ). See Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823 (1961). The matter of the entry of a judgment nunc pro tunc is not before us. Rules 316 and 317, T.R.C.P.; Travelers Express Company, Inc. v. Winters, 488 S.W.2d 890 (Tex.Civ. App.—El Paso 1972, no writ); Zamora v. Salinas, 422 S.W.2d 249 (Tex.Civ.App.— Corpus Christi 1967, writ ref'd n. r. e.). In addition, the perfection of the appeal on June 26 transferred the controversy to the appellate Court and clothed it with exclusive jurisdiction over the entire controversy, both as to parties and subject matter. The exception is the power of the trial Court to grant the motion for new trial or other action provided for under the Rules discussed. Ammex Warehouse Company, Inc. v. Archer, 381 S.W.2d 478 (Tex.Sup.1964); Eli Lilly and Company v. Casey, 457 S.W.2d 82 (Tex.Civ.App.— Eastland 1970, no writ). The action of the trial Court undertaken on August 31 was void.

■ As to the judgment rendered on June 6, the Defendant admits that it owed the amount of $104,054.86 to the Plaintiff, and we are not confronted with the defects reflected in the Plaintiff's amended petition which for summary judgment purposes would hardly justify a judgment over the amount of $87,749.33 nor whether the account attached is sufficiently itemized as required by law. Immediately after hearing the summary judgment motion, the Court heard non-jury testimony in regard to attorney's fee and on this testimony the attorney's fee of $10,000.00 was allowed. As to this the Appellant has presented the no evidence point that presentment was never made of the claim to the Defendant which thereafter remained unpaid for a period of thirty days which would justify the recovery of any fee under Art. 2226, Tex.Rev.Civ.Stat.Ann. The record is bare of any testimony of presentment other than the chronological record before us.

■ Since the Defendant had failed to comply with Rules 93(k) and 185, T.R.C. P., the trial Court was of the opinion that the Plaintiff need not prove presentment and likewise that the Defendant could not prove the tender made into the Clerk's office on May 19. In this the Court was in error. 2 McDonald, Texas Civil Practice, Sec. 7.31, p. 239. Under the pleadings the Defendant could show the tender. Likewise, the prima facie evidence of the amount of the account did not establish presentment. Both tender and time of presentment were necessary matters to be considered if an attorney's fee could be awarded. If the tender had been made where no presentment of the claim was made or made before the thirty day period after presentment, the penalty of the attorney's fee was not justified.

■ Article 2226 does not require that the claim be presented thirty days prior to the filing of suit. It is only necessary that the claim be presented and if it is not paid within thirty days an attorney's fee is recoverable in any suit where the claimant recovers judgment for any amount of the claim. Gateley v. Humphrey, 151 Tex. 588, 254 S.W.2d 98 (1952). Presentment or demand may be made after suit is filed but filing of suit is not a demand within the terms of the statute. Huff v. Fidelity Union Life Insurance Company, 158 Tex. 433, 312 S.W.2d 493 (1958). The burden of proof is on the Plaintiff to plead and prove

presentment and failure to pay for thirty days. W. G. Tufts and Son v. Herider Farms, Inc., 485 S.W.2d 300 (Tex.Civ.App. —Tyler 1972, writ ref'd n. r. e.). Nowhere has the Plaintiff in this appeal pointed out that which it asserts was a demand or presentment. The no evidence point on lack of presentment is sustained.

The Defendant's point concerning the trial Court's abuse of discretion as to an unreasonable amount of the attorney's fee awarded in the judgment of June 6 which if sustained would only require a remand is not reached.

The judgment of the trial Court allowing any attorney's fee is reversed and rendered and the balance of the judgment as reformed is affirmed.