## MRS. F. W. BRIDGMAN V. W. T. MOORE.

No. A-185. Decided November 22, 1944.
Rehearing overruled December 20, 1944.
(183 S. W., 2d Series, 705.)

*C. W. Wideman* and *David E. O'Fiel,* both of Beaumont, for petitioners.

It was error for the Court of Civil Appeals to hold that the motion and amended motion to set aside the judgment rendered by the trial court at his home and without notice to plaintiff, petitioner in the Supreme Court, and to which motions respondent appeared, was not in the nature of a bill of review. Smith v. Kraft, 9 S. W. (2d) 472; Galbraith v. Bishop, 287 S. W. 1087; Squyres v. Rasmussen, 296 S. W. 977.

*John H. Land,* of Beaumont, for respondent.

MR. JUDGE FOLLEY, of the Commission of Appeals delivered the opinion for the Court.

This suit was filed by the petitioner, Mrs. F. W. Bridgman, against her brother, who is the respondent, W. T. Moore, seeking recovery for rents from, and damages to, certain lands in Jefferson County, which she alleged she owned and had leased to respondent. The respondent filed a cross action alleging that he was the owner of a 1/8th undivided interest in the land and sought partition thereof and recovery for certain improvements he had added to the property. The trial was had in the district court of Jefferson County beginning on June 16, 1942. Fact issues were submitted to a jury and the jury's verdict was returned and filed June 20, 1942. On July 3, 1942, judgment was rendered on the jury's verdict and entered into the court's minutes. The court found that petitioner owned 7/8th, and re-

spondent 1/8th, of the land, and the decree awarded respondent a 1/8th interest, ordered the land partitioned, and, in keeping with the jury's verdict, allowed respondent a recovery against petitioner for $673.75, and denied petitioner any recovery for the rents and damages she sought.

No motion for new trial was filed within thirty days from the rendition and entry of the judgment. The term of the district court ended on Sunday, July 5, 1942. Such district court is governed by Rule 330, T. R. C. P., which provides that judgments shall become final after the expiration of thirty days after the date of judgment or after a motion for a new trial is overruled, and that after the expiration of such time the judgment cannot be set aside except by bill of review for sufficient cause.

On August 6, 1942, as shown by supplemental transcript, petitioner filed a motion to set aside the judgment of July 3, 1942, and asked the court to render judgment in her behalf on her motion for judgment non obstante veredicto, theretofore filed by her on June 25, 1942. On August 13, 1942, she filed an amended motion seeking the same relief. On the latter date the court made and entered the following order:

"On the 13th day of August, 1942, came on to be heard the motion of Mrs. F. W. Bridgeman, et al, plaintiffs in the above consolidated cause, to set aside the Judgment entered in the minutes in this cause on the 3rd day of July, 1942, and issue being joined thereon, and the court having considered the motion together with the evidence adduced thereon is of the opinion that the said motion is well taken, and that same should be granted.

"It is therefore ordered, adjudged and decreed that the judgment entered by this court in this consolidated cause on the 3rd day of July, 1942, be and the same is hereby set aside."

On September 18, 1942, the court approved a second judgment which was on that date entered in the minutes. The second judgment is identical with that of July 3, 1942. The petitioner attempted to appeal from the second judgment to the Court of Civil Appeals at Beaumont. That court dismissed the appeal holding that the entry of the second judgment did not vacate the first, and, in the absence of a bill of review, that the first judgment had become final since no motion was filed within thirty days from its date to set it aside. 180 S. W. (2d) 211.

On the original submission the Court of Civil Appeals refused to order the district clerk to file a supplemental transcript containing an alleged bill of review against the first judgment. One of the points upon which we granted the writ of error was the alleged refusal of the Court of Civil Appeals to direct the filing of the supplemental transcript. However, the record reveals that prior to the overruling of the motion for rehearing in such court the supplemental transcript was filed and was presumably considered at the time the motion for rehearing was overruled. The only question remaining for our determination is whether the trial court's order of August 13, 1942, was effectual to set aside the judgment of July 3, 1942.

██ Since no motion for a new trial was filed by petitioner before the expiration of thirty days from the date of the judgment of July 3, 1942, under Rule 330-1 the same became final, and, if not void, could be set aside only by a bill of review. The petitioner contends that the motion upon which the court acted in purporting to set aside the first judgment is sufficient to be treated as a bill of review. We are not in accord with this contention. In such motion she merely seeks to set aside the former judgment on account of numerous errors alleged to have occurred in the course of the trial, and also asks that judgment be rendered for her notwithstanding the verdict. It is not an original proceeding filed as an independent action against respondent alleging a meritorious cause of action. It is therefore insufficient as a bill of review. Humphrey v. Harrell, 29 S. W. (2d) 963; Hermann Hospital Est. v. Nachant, 55 S. W. (2d) 505; Ridley v. McCallum, 139 Texas 540, 163 S. W. (2d) 833; Hartel v. Dishman, 135 Texas 600, 145 S. W. (2d) 865, and Nachant v. Monteith, 117 Texas 214, 299 S. W. 888. Consequently, the attack made upon the former judgment is collateral, and unless the judgment is void the court was unauthorized to set it aside in the hearing upon the motion for new trial. Halbrook v. Quinn, 286 S. W. 954; Buchanan v. Bilger, 64 Texas 589; Roberts v. McCamant, 70 Texas 743, 8 S. W. 543; Bowers v. Chaney, 21 Texas 363; Wright v. Shipman, 279 S. W. 296. However, the court has not only the power but the duty to vacate the inadvertent entry of a void judgment at any time, either during the term or after the term, with or without a motion therefor. Nevitt v. Wilson, 116 Texas 29, 285 S. W. 1079, 48 A. L. R. 355; Wichita Falls, R. & Ft. W. R. Co. v. Combs, 115 Texas 405, 283 S. W. 135. The question therefore arises as to whether the judgment is void and thus subject to the collateral attack.

The only indication in the record of anything irregular as to the first judgment is contained in the allegations of petitioner in her amended motion for a new trial filed August 13, 1942. She alleged that on the first day of July, 1942, after the return of the verdict but before the entry of the judgment, respondent caused to be forwarded to petitioner and her attorney a draft of the judgment, and a motion to enter the same, with a statement that it was the judgment respondent was going to request the court to enter; that the trial judge was busy trying another case during the week of June 29, 1942, at which time he became ill and was obliged to discontinue the trial and remain at his home; that respondent, through his counsel, caused a draft of the judgment to be signed by the trial judge at his private residence, without a hearing, and not at the courthouse or in the courtroom, and without notification to petitioner or her counsel; that such judgment was entered and that neither petitioner nor her counsel were advised of its entry, and that petitioner and her counsel had no opportunity to be present in court and contest the granting of such judgment and thus had been deprived of a substantial right. In her petition for writ of error petitioner asserts that the above facts constituted equitable grounds for setting aside the judgment, which she alleges is void. Presumably the alleged vice in the judgment is that it was signed by the judge at his private residence. Petitioner contends that such fact vitiates the decree because it was not rendered in open court.

The order purporting to set aside the judgment recites that evidence was introduced on the hearing of the motion. Such testimony does not accompany the record. However, for the purpose of this opinion, we shall presume that the above allegations were established by the evidence. In the light of such assumption we must determine if the facts so assumed render the judgment void so as to subject it to this collateral attack.

■ Under the provisions of Art. 1899, Vernon's Ann. Civ. Stat., district clerks are required to keep a fair record of all of the acts done, and proceedings had, in their respective courts, and to "enter all judgments of the court, under direction of the judge, * * * in record books to be kept for the purpose." Upon the return of a general or directed verdict, under our practice, there is no need for any action by the court as the law determines what the judgment shall be, and the clerk may enter the judgment without further direction from the court; "but, in case of special verdict, the facts being found by the jury, it is necessary for the court to announce the judgment, the legal conclusion thereon, because the law is not determined by the special verdict, nor

are the rights of the parties fixed thereby." Carwile v. William Cameron & Co., 102 Texas 171, 114 S. W. 100.; Lloyd v. Brinck, 35 Texas 1. It therefore became necessary for the trial judge to make some sort of pronouncement of the law of this case before the clerk was authorized to enter the decree.

The judgment in question was signed by the judge, filed and entered by the clerk, and recorded in the minutes of the court on July 3, 1942. There is no doubt that the signing and approving of the judgment at the private residence of the judge, without the knowledge or presence of petitioner or her counsel, was an irregular rendition of the judgment, and upon direct attack by bill of review would have constituted such error, under the facts of this case, as to warrant equitable relief. But we cannot concede that such irregularity rendered the judgment void. 32 C. J. 1065, Sec. 23.

In Goldreyer v. Cronan, 76 Conn. 113, 117, 55 A. 594, 596, the Supreme Court of Errors of Connecticut said:

"A judgment, speaking generally, is the determination or sentence of the law, speaking through the court; and it does not exist, as a legal entity, until pronounced, expressed, or made known in some appropriate way. It may be expressed orally or in writing, or in both of these ways, in accordance with the customs and usages of the court in which the judgment is rendered."

In State v. Beaton, 190 Iowa, 216 180 S. W. 166, 167 the Supreme Court of Iowa stated:

"The form of a decree signed by the trial judge is one of the papers in a case, upon filing of which memorandum should be made in the appearance docket. As noted in Martin v. Martin, (125 Iowa 73, 99 N. W. 719), it is merely a more specific direction as to the decision to be entered than an oral announcement of memorandum entered in the judge's calendar. Its sole purpose is that of prescribing the precise form of decree to be spread in the record book by the clerk. Thereupon it becomes the duty of the clerk to enter the decree of record."

To the same effect are the following cases: Bulkeley's Appeal, 76 Conn. 454, 57 A. 112; Martin v. Martin, 125 Iowa 73, 99 N. W. 719; Roberts v. White, 39 N. Y. Super, 272, 274; Coffey v. Gamble, 117 Iowa 545, 548, 91 N. W. 813.

In Roberts v. White, supra, the Superior Court of New York held:

"Reducing the decision to writing concludes the trial and authorizes the judgment. No allocatur of the justice is required. The clerk on filing the decision enters the judgment strictly in conformity with the decision."

Our Constitution and statutes require that a district judge shall hold court only at the county seat of the county, which means the place where the courthouse is situated. Turner v. Tucker, 113 Texas 434, 258 S. W. 149; Sec. 7 of Art. 5, Constitution of Texas; Arts. 1602 and 1919 Vernon Ann. Civ. Stat. Although there is no specific law requiring it, it is also the general rule that judgment should be announced only in open court at the time and place appointed therefor. Aiken v. Carroll, 37 Texas 73; Hunton v. Nichols, 55 Texas 217; Hodges v. Ward, 1 Texas 244; Sinclair Refining Co. v. McElree, 52 S. W. (2d) 679; Accousi v. G. A. Stowers Furniture Co., 83 S. W. 1104. However, we are of the opinion that a court's action in this respect may be such a substantial compliance with these rules that it may not be questioned in a collateral attack.

In Doeppenschmidt v. City of New Braunfels, 289 S. W. 425, writ refused, it was held, even in a direct attack, that in the absence of an objection it was immaterial whether the court performed the act of rendering judgment in his private office or in the courtroom.

In Townsley v. State, 103 Texas Crim. Rep., 508, 281 S. W. 1054, in another direct attack, the Court of Criminal Appeals held that the drawing of a special venire in the clerk's office was not invalid under a statute requiring it to be drawn by the clerk in the presence of the judge "in open court." Art. 592 C. C. P.

In Atwood v. State, 96, Texas Crim. Rep. 249, 257 S. W. 563, in still another direct attack, the same court, in construing the same statute, held that the drawing of a jury from a jury wheel in a room rented for the assessor across the street from the courthouse was not grounds for quashing the panel. In that case the court said that substantial compliance with the statute was all that was required, and that "while the law in question requires the filling of the jury wheel, etc., to take place at the courthouse, we would not understand this to be literally binding in every case."

The judgment in question was in proper form and purported to adjudicate all questions of law and fact at issue between the parties. The petitioner and her counsel knew such judgment had been prepared for the approval of the court. They had received a copy of it from respondent's counsel with the statement that it was the judgment which he was going to request the court to enter. The court apparently intended such instrument, with his signature and approval and its subsequent delivery to the clerk, to constitute his official pronouncement of the decree. The clerk must have understood such to be his intention, for the instrument was filed and entered by him as the judgment of the court. The only thing irregular about the judgment was the judge's approval of it at his private residence. All other acts with reference to it were regular in every respect. The delivery of the instrument to the clerk, his filing the same, and entering and recording it, obviously occurred in the usual manner and place. These acts were a matter of public record and were open and available for the inspection of petitioner and her counsel. Under the conditions we think such procedure, though irregular in the respect mentioned, was not of such nature as to cempletely nullify the judgment so as to subject it to collateral attack. Such decree thus stands in the record neither vacated nor appealed from, and the entry of the second judgment, which is a nullity under the circumstances, does not vacate or affect the first. Mullins v. Thomas, 136 Texas 215, 150 S. W. (2d) 83.

The judgment of the Court of Civil Appeals, dismissing the appeal, is affirmed.

Opinion adopted by the Supreme Court November 22, 1944.

Motion for rehearing overruled December 20, 1944.