## TEXAS WOOL & MOHAIR MARKETING ASS'N v. STANDARD ACC. INS. CO.

### No. 12589.

United States Court of Appeals Fifth Circuit.

July 8, 1949.

Rehearing Denied Aug. 11, 1949.

836

H. Grady Chandler, Austin, Texas, Charles K. Bullard, Dallas, Texas, for appellant.

Josh H. Groce, San Antonio, Texas, for appellee.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

The only question necessary to be decided on this appeal is whether the court below erred in overruling appellant's motion to

remand the case to the state court from which it was removed.

This suit was instituted in the District Court of Kimble County, Texas, by the Kimble Wool & Mohair Company, a Texas corporation doing business as a bonded warehouse, hereinafter referred to as Kimble. It arose out of a dispute between the officers and directors of Kimble, and originally was for a declaratory judgment to determine the status of Kimble's affairs and its legal relations to certain parties who were named as defendants. Appellant, Texas Wool & Mohair Marketing Association, incorporated under the laws of Texas, hereinafter referred to as Texas, was one of the defendants. The latter answered, filed a cross-claim against Kimble and a third-party claim against appellee, Standard Accident Insurance Company, a Michigan corporation, which was surety on the bond of Kimble.

In the course of the proceedings in the above suit, the state court appointed a receiver for Kimble, whereupon the latter filed a petition in bankruptcy and was adjudicated a bankrupt. Thereafter, upon the petition of creditors, the adjudication was set aside by the bankruptcy court, and the proceedings were dismissed so that the state court might proceed to liquidate the assets of Kimble in the suit pending therein. After all assets of the company were sold by the receiver, it is agreed that there was on hand the sum of $44,902.85; that the total amount of all claims was approximately $109,000; that the total amount of the preferred claims was approximately $45,000 plus court costs and expenses; that the claim of Texas was not preferred; and that no assets were available to pay the same.

Within this suit in the state court there was a separable controversy; but whether it was a mere incident to the receivership, and not removable to the federal court for that reason, it is not necessary for us to decide, because this separable controversy was not wholly between citizens of different states. On one side of it was Texas, the defendant and cross-plaintiff, a citizen of Texas; on the other side was Kimble, plaintiff and cross-defendant, also a citizen of Texas, and the third-party defendant, Standard Accident Insurance Company, a citizen of Michigan. This controversy was over the liability of Kimble and its surety to Texas for an item of $4610.80 for the value or proceeds of mohair alleged to have been wrongfully converted and not accounted for by Kimble; for which if Kimble was liable as warehouseman, its surety was also liable.

This question of Kimble's liability was so close under the facts, it is agreed, that the state court might have decided it either way, and actually did decide it both ways, first for Kimble and later against it. The greater part of the argument on this appeal has been devoted to the propriety of the court's action in this respect; but no fraud was alleged or proven, and we do not need to go into that question because the removal jurisdiction of the federal court was not affected by it. The state court did not lose jurisdiction of this controversy by ordering a repleader so as to enable the surety to make a separate defense to the cross-claim. Separate defenses do not create separable controversies within the meaning of the third sentence of the removal statute, 28 U.S.C.A. § 71 [now § 1441], which was in force at the time the removal of this suit was sought. Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514; Hyde v. Ruble, 104 U.S. 407, 26 L.Ed. 823; Corbin v. Van Brunt, 105 U.S. 576, 26 L.Ed. 1176; Fraser v. Jennison, 106 U.S. 191, 1 S.Ct. 171, 27 L.Ed. 131; Ayres v. Wiswall, 112 U.S. 187, 5 S.Ct. 90, 28 L.Ed. 693; Pirie v. Tvedt, 115 U.S. 41, 5 S.Ct. 1034, 29 L.Ed. 331; Mitchell v. Smale, 140 U.S. 406, 11 S.Ct. 819, 35 L.Ed. 442. See also Mutual Reserve Fund Life Ass'n v. Farmer, 8 Cir., 77 F. 929, wherein it is held that "in an action against a principal and his surety on a bond, note, or other obligation, there is no separable controversy, such as will entitle one of the defendants to remove the case." Cf. Lake v. Texas News Co., D.C., 51 F.2d 862.

The cross-claim of appellant against Kimble and its surety was joint, and a defendant cannot make an action several which the plaintiff has elected to make joint. The fact that by answer the defendant may show that the liability is several

does not change the character of the claim asserted by the plaintiff in his pleading so as to affect the right of removal. In order to sustain removal on the ground here asserted, diversity of citizenship must be shown to have existed both when the cross-claim was instituted and when the petition for removal was filed. Gibson v. Bruce, 108 U.S. 561, 2 S.Ct. 873, 27 L.Ed. 825; Houston & T. C. R. Co. v. Shirley, 111 U.S. 358, 4 S.Ct. 472, 28 L.Ed. 455; Mansfield, C. & L. M. R. Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462; Stevens v. Nichols, 130 U.S. 230, 9 S.Ct. 518, 32 L.Ed. 914; Kellam v. Keith, 144 U.S. 568, 12 S.Ct. 922, 36 L. Ed. 544.

■ The right of removal, ordinarily, depends upon the condition of the record when the suit is filed, and in this case it depended upon the state of the record when the surety was brought in as a third-party defendant. No petition for removal to the federal court was filed at that time by the appellee. On the contrary, it appeared and filed its answer to the cross-claim of Texas, not only denying the merits of the claim but pleading its suretyship in the following words: "At most this defendant is but a surety and if any recovery be granted against it, it should recover over against Kimble Wool & Mohair Company, Inc." Therefore, if the surety had any right of removal, it waived the same by its answer; but we think that it did not have any such right. With this answer on file, the state court might have rendered a joint and several judgment against both principal and surety, also a judgment over against Kimble in favor of the surety; but, instead of doing so, it directed a repleader in order to allow the surety to present its separate defense. This was a matter within the discretion of the state court; the ruling was in the interest of justice, and was not prejudicial to the surety. Rule 174 of the Rules of Civil Procedure of the State of Texas provides as follows: "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

■ We think the state court had jurisdiction of the parties and the subject matter in this case, including the cross-claim of Texas against Kimble and its surety, as well as the latter's contingent claim for judgment over against Kimble; and that the court below erred in not remanding the cause to the state court. Accordingly, the judgment appealed from is reversed, and the cause remanded to the district court with directions to remand the same to the District Court of Kimble County, Texas.

Reversed and remanded.

## On Petition for Rehearing

HUTCHESON, Circuit Judge.

■ The point appellee so strongly makes, that there was a judgment dismissing it out of the case which was not properly set aside, and that the amended petition filed against it was a new suit, is completely answered by the record and by Witty v. Rose, Tex.Civ.App., 148 S.W.2d 962, and Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705, the two cases it relies on.

While it is true, as claimed by appellee, "that in a judgment which was signed on June 17th, but dated as of May 29th, appellee was dismissed from the suit," it is equally true that that judgment was, by a judgment entered July 26, 1946, reformed as of May 29th, the date of its entry, and as reformed, the dismissal was set aside and Standard remained a party to the suit.

The record standing thus, it is settled law that this solemn judgment of a court of record cannot be collaterally attacked and that appellee cannot be heard to say in this proceeding that it was dismissed from the suit. Witty v. Rose, and Bridgman v. Moore, supra.

These two cases settle it beyond question that on the issue of removability, as well as on those arising on the merits, appellee has been confronted throughout this case with the difficulty of engineering a successful collateral attack on the judgment of a state court of record, and that this difficulty is insuperable.

For the reasons stated, the petition for rehearing should be, and the same hereby is, denied.