SHERSTAD et al. v. BROWN et al.

No. 12492.

Court of Civil Appeals of Texas.
San Antonio.

April 1, 1953.

Rehearing Denied April 29, 1953.

G. Woodson Morris, San Antonio (Alfred M. Scott, Austin, on appeal only), for appellant.

Walter C. Wolff, Jr., Walter C. Wolff and Charles J. Lieck, San Antonio, for appellee.

PER CURIAM.

This suit was instituted on August 3, 1951, by Florence Sherstad and Olga Simmang against their sister Louise Brown, all of the parties being widows.

Plaintiffs alleged that each of the three sisters was the owner of a one-third undivided interest in and to a lot located at 1425 Broadway in the City of San Antonio, Texas. They further alleged that defendant was indebted to plaintiffs in the total sum of $1,807.84, and to plaintiff Florence Sherstad individually in the sum of $1,031.-82, making a total alleged indebtedness of $2,839.66. Plaintiffs ask for judgment against defendant for this sum, together with a foreclosure against the one-third interest owned by defendant of the property located at 1425 Broadway.

Defendant, Louise Brown, answered denying the indebtedness alleged by plaintiffs and denying that they had any lien against the property securing the payment of this indebtedness. She alleged that plaintiffs had not brought the suit in good faith, but had brought it for the purpose of preventing defendant from selling her interest in the property to one Richard T. Betts, to whom she had contracted to sell her one-third interest for the sum of $10,000, and further alleged that she had been damaged by the filing of this suit in the sum of $25,-000, for which she asks judgment.

Richard T. Betts intervened in the suit, alleging that he had purchased the one-third interest of Louise Brown in the property located at 1425 Broadway for a cash consideration of $10,000. He asked that the sum of $2,839.66 be deposited in the registry of the court by the Stewart Title Guaranty Company, which was then in possession of the $10,000 consideration, and that he be declared to be the owner of the one-third undivided interest in said property formerly owned by Louise Brown. He also prayed for partition of the property. Plaintiffs answered this plea of intervention and alleged that the three sisters had agreed among themselves that neither of them would sell her interest in the property without the consent of all, and, further, that there was at the present time a lease on the property held by one Knox Milstead, who was entitled to the possession and use of the property under his lease contract.

The cause was tried to a jury and on the answers of the jury to the eighteen special issues submitted to them judgment was rendered, on April 23, 1952, (1) awarding to Louise Brown judgment against Olga Simmang in the sum of $283.33, (2) decreeing that intervener, Richard T. Betts, was the bona fide purchaser for value and had been the legal owner of Louise Brown's one-third undivided interest in the property since August 7, 1951, (3) decreeing to Richard T. Betts a recovery from Olga Simmang in the sum of $700 for his share of the rent collected by her from the tenant, Knox Milstead, (4) decreeing that Betts was entitled to a partition of the property, and inasmuch as the property could not be partitioned in kind, that it be sold for cash at private sale by a trustee and the proceeds divided, one-third to Olga Simmang, one-third to Florence Sherstad and one-third to Richard T. Betts.

This judgment on its face shows that it was later reduced to writing, signed and filed by the trial judge on April 23, 1952. (Under the provisions of Rule 306a, Texas Rules of Civil Procedure, this date became the date of rendition of the judgment.) It further shows that on May 2, 1952, the trial judge made the following notation at the foot of the judgment: "The next above date is suspended pending a hearing on the 9th day of May, 1952, of a request to correct judgment." The notation was dated May 2, 1952, and signed "C. K. Quin," who in fact was the trial judge. No motion for new trial was filed by any of the litigants, within ten days after the rendition of this judgment. On June 9, 1952, some forty-eight days after the rendition of the judgment, the trial court signed and entered an order reciting that a hearing has been had on May 9, 1952, on plaintiffs' oral application to amend and correct the judgment theretofore entered on April 23, 1952. The order then recites, "that after the judgment was entered in this cause on the 23rd day of April, 1952, and after said judgment was recorded in the minutes of this court, but during the same term of court at which said judgment was rendered and entered,

* * * the court on, to-wit, May 2, 1952, with the knowledge of the defendant, Louise Brown, and the intervener, Richard T. Betts, but without their consent and over their exception and objection, below the court's original signature on said judgment, entered the following notation:

" 'The next above date is suspended pending a hearing on the 9th day of May, 1952, of a request to correct judgment. Signed May 2, 1952. C. K. Quin.' "

The order further recites that said request to suspend judgment was presented by G. Woodson Morris, attorney for plaintiffs, and granted to May 9, 1952, as requested, "for the reason that the time for filing a motion for a new trial on the original judgment by plaintiffs would have expired before the court could pass on the request for correction of said judgment, the last day for filing a motion for a new trial on the original judgment being May 3, 1952."

The order further provided that the recovery of $283.33 in favor of Louise Brown be set aside and that plaintiffs recover from Louise Brown the sum of $1,399.38.

This order on its face shows that it was rendered, signed and entered on the 9th day of June, 1952, some forty-eight days after rendition of the first judgment. Thereafter, on June 10, 1952, plaintiffs, Florence Sherstad and Olga Simmang, filed their motion for a new trial, which motion was granted by an order rendered on June 20, 1952. However, on June 27, 1952, this order granting plaintiffs' motion for new trial was set aside and an order entered overruling such motion. On June 28, 1952, Florence Sherstad and Olga Simmang filed a supersedeas bond and are prosecuting this alleged appeal.

Appellees have filed a motion to dismiss the appeal, based on the contention that when plaintiffs failed to file their motion for a new trial within ten days after April 23, 1952, the date on which the judgment was rendered, they thereby lost their right of appeal in this case, and that the judgment of the trial court become final thirty days after it was rendered, and the trial judge lost jurisdiction to thereafter enter any orders amending or correcting the judgment, and that the trial court was without jurisdiction to enter the order which he entered on June 9th, purportedly correcting and amending the original judgment.

This contention of appellees is unquestionably correct, unless the notation which the trial judge placed at the foot of the first judgment on May 2, 1952, to the effect that the date of April 23, 1952, was suspended pending a hearing on an oral motion to correct a judgment had the effect of setting this judgment aside. If this notation did have the effect of setting aside the judgment rendered on April 23, 1952, then there is no final judgment in this cause from which an appeal could be taken, because this judgment has never been again rendered since that date. The order entered on June 9, 1952, could not be regarded as a final judgment, in that it does not attempt to dispose of all of the parties.

We cannot give to the notation placed on the judgment by the trial court the effect of setting aside the judgment. It merely states that the above date, that is April 23, 1952, is suspended. It does not say that the judgment is set aside or even suspended. It would seem that this notation was placed at the foot of the judgment for the purpose which the trial court recites in his order of June 9, 1952, which is that it was intended to give plaintiffs more time within which to file their motion for a new trial. This he could not do. Rule 5 of the Texas Rules of Civil Procedure provides, in effect, that the trial judge does not have jurisdiction to extend the time provided for in Rule 330(k), T.R.C.P., for the filing of a motion for new trial. Traders & General Insurance Co. v. Scott, Tex.Civ.App., 189 S.W.2d 633; Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705; Mullins v. Thomas, 136 Tex. 215, 150 S.W. 2d 83. Under the provisions of Rule 330 (l), T.R.C.P., the judgment rendered, signed and entered by the trial judge on April 23, 1952, became a final judgment thirty days thereafter, and the court lost jurisdiction to amend or correct the judgment for anything other than typographical errors or to make it speak the truth. Aldridge v. General Mills, Tex.Civ.App., 188

S.W.2d 407; Bridgman v. Moore, supra; Cocke v. Birr, 142 Tex. 432, 179 S.W.2d 958; Gillette Motor Transport Co. v. Wichita Falls & Southern R. Co., Tex.Civ.App., 170 S.W.2d 629.

In 25 Tex.Jur. 520, § 128, it is said:

"* * * After the term at which the judgment was rendered, in the absence of any statute giving authority, a court is, as a general rule, without power to revise a judgment except where, as entered on the record, it is not the judgment rendered by the court. Whatever was adjudicated remains adjudicated, and the court, although it may afterwards correct certain kinds of mistakes in the entry or grant equitable relief against the judgment, may not, in general, change the effect of an adjudication. To correct in the trial court, after adjournment of the term, a judgment as rendered, an independent suit is necessary, for jurisdiction of the case is then at an end. * * *"

When appellants attempted to file their motion for a new trial on June 10, 1952, and their supersedeas bond on July 28, 1952, they were without authority to do so, and such motion for a new trial and supersedeas bond did not have the effect of perfecting an appeal to this Court. Accordingly, appellees' motion to dismiss will be granted and the appeal is dismissed.