**EXPLORER PIPELINE COMPANY,**
Appellant,

v.

**John Frank BROWN, Jr., et al., Appellees.**

**No. 4633.**

Court of Civil Appeals of Texas,
Eastland.

July 13, 1973.

had been without jurisdiction to try the case December 4, 1972. The alleged error was predicated on the fact that an existing final judgment rendered on April 23, 1971, had been found with the papers of the cause. No one could explain how or why this judgment was entered.

The landowners on February 1, 1973, filed a motion to set aside the April 23, 1971, judgment. Explorer contested this motion contending the April 23, 1971, judgment had become final thirty days after rendition and that if the judgment had been rendered by reason of fraud, accident or mistake, landowners' exclusive remedy would be a bill of review. The trial court sustained landowners' motion. This appeal results.

Jackson, Walker, Winstead, Cantwell & Miller (Jack Pew, Jr.), Dallas, for appellant.

Robert K. Ramsey, Terrell, for appellees.

RAWLEIGH BROWN, Justice.

Explorer Pipeline Company, the condemnor in an eminent domain proceeding, appeals a judgment rendered in favor of the landowners, John Frank Brown, Jr. and the Veteran's Land Board of the State of Texas. The Company contends the judgment is a nullity.

The records reflect that Explorer on September 28, 1970, filed a proceeding seeking an easement across the Brown land. Special Commissioners were appointed, their award was made and filed with the County Judge. Objections to the award were timely filed by the landowners and service of citation was waived by Explorer.

On December 4, 1972, a jury trial was begun and on the verdict rendered the court entered its judgment January 2, 1973, for damages favoring the landowners. Explorer timely filed its motion for a new trial and on January 19, 1973, filed its amended motion for a new trial assigning as error, for the first time, that the Court

■ Explorer's points of error were directed solely to the lack of jurisdiction of the trial court to try the cause and render a judgment or to conduct any proceeding after the judgment of April 23, 1971, had become final. We agree with Explorer unless the April 23, 1971, judgment is void.

Our Supreme Court in Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705 (1944), stated the rule:

"The court has not only the power but the duty to vacate the inadvertent entry of a void judgment at any time, either during the term or after the term, with or without a motion therefor."

See also: Ross v. Katy Employment Credit Union, 430 S.W.2d 49 (Tex.Civ.App.—Dallas, 1968, no writ hist.); Consolidated Underwriters v. McCauley, 320 S.W.2d 60 (Tex.Civ.App.—Beaumont, 1959, writ ref. n. r. e., cert. den. and appeal dism., 361 U.S. 14, 80 S.Ct. 109, 4 L.Ed.2d 52).

Our question then is whether the judgment is void and thus subject to the collateral attack.

It is stated in Culligan Soft Water Service v. State, 385 S.W.2d 613 (Tex.Civ.App.—San Antonio 1964, writ ref. n. r. e.), in

discussing the effect of the filing of objections to an award in a condemnation proceeding by either party:

" . . . Such action had the further effect of wiping out entirely the award of the commissioners and preventing any judgment from being entered, based upon such award. This is made plain by Sections 6 and 7 of Art. 3266, Vernon's Ann.Civ.Stats., 22 Tex.Jur. p. 372, § 259, p. 385, § 271. . . . The award of the commissioners neither divests the landowner of title to his property, nor renders the condemnor liable for the damages assessed. These things can only be done by a decree of the County Court. 22 Tex.Jur.2d p. 371, § 258. When objections to the award of the commissioners have been filed by either party under the provisions of Sec. 6, supra, the findings of the commissioners are wiped out and a trial de novo is contemplated and required. Milam County v. Akers, Tex.Civ.App., 181 S.W.2d 719, error ref."

The court in Longino v. State, 385 S.W. 2d 901 (Tex.Civ.App.—Tyler 1965, writ ref. n. r. e.), states:

"It is only in situations where (1) no objections were filed by either party or (2) where there has been an abandonment of the appeal that the county court has authority to enter judgment on the award. Denton County v. Brammer, Tex., 361 S.W.2d 198; Pearson v. State, 159 Tex. 66, 315 S.W.2d 935; City of El Paso v. Ward, (Tex.Civ.App.), 213 S. W.2d 726; Culligan Soft Water Service v. State of Texas, supra; 22 Tex.Jur.2d p. 366, para. 252."

■ Objections having been filed by the landowner and there being no abandonment of the appeal, the judgment of April 23, 1971, was entered without authority and is void.

Having considered all points of error, the trial court is affirmed.