Janet Susan MANGUM, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–97–0269–CR.

Court of Appeals of Texas, Amarillo.

Feb. 17, 1999.

Objection to Reconsideration Overruled March 12, 1999.

Rehearing Overruled March 12, 1999.

Discretionary Review Dismissed May 19, 1999.

Killian, Hayden & Cummingham (David L. Cunningham), San Antonio, for appellant.

Bexar County District Attorney's Office (Steven C. Hilbig, Robert McClure, Edward F. Shaughnessy, III, and Angela Moore), San Antonio, for appellee.

Before BOYD, C.J., and DODSON [1] and REAVIS, JJ.

*ON MOTION FOR RECONSIDERATION*

PER CURIAM.

Janet Susan Mangum (Mangum) appealed an order granting in part and denying in part her motion for return of property. By an opinion dated November 13, 1998, we reversed and rendered. No motion for rehearing was filed. On January 20, 1999, the State of Texas (State) filed a petition for discretionary review with the Clerk of this Court. The petition was timely filed under Rule 9.2(b). On January 25, 1999, the State filed a motion for reconsideration in this court pursuant to Rule 50 of the Texas Rules of Appellate Procedure.[2] A majority of the justices who participated in the decision having reconsidered the issues, we grant the State's motion for reconsideration, withdraw our opinion and set aside our judgment of November 13, 1998, and in lieu thereof substitute this opinion. Tex.R.App. P. 50.

Mangum, appellant, appeals the trial court action in denying in part her motion for return of property. The property in question,"one large set of white tail deer antlers," was seized by the State of Texas under a search warrant. The State is the appellee.

---

1. Honorable Carlton B. Dodson, retired Justice, Court of Appeals, Seventh District of Texas at Amarillo, not participating.

2. Rule 50 authorizes the court of appeals to modify its decision within 30 days after a petition for discretionary review has been filed with the clerk of the court of appeals. In the instant case, the petition for discretionary review was due on January 13, 1999. The State placed the petition in the mail on January 13, 1999 and it was received by the clerk's office within 10 days after the filing deadline, namely on January 20, 1999. Although the Rules of Appellate Procedure do not speak directly to this situation, we conclude that this Court has 30 days from the date the petition was received in the clerk's office. Likewise, for the purposes of Rule 50, the petition for discretionary review is not "filed" so as to start the 30 day period for reconsideration until it is received by the clerk of the court of appeals.

By two points of error, Mangum complains that the trial court erred in not returning the deer antlers to her since she proved as a matter of law that she was entitled to them, and the trial court erred in granting possession of the antlers to the State as there is no evidence or insufficient evidence to support the trial court action. We affirm.

On Friday the 13th, November 1992, Mangum killed a 26 or 27 point white tail buck on her property in the city of Hill Country Village, Bexar County. The deer was trapped in a "steel fence" with "four inch holes" because its antlers had become entangled. On November 25, 1997, Texas State game wardens executed a search warrant on Mangum and seized a number of items from her residence. Among those items, the game wardens took possession of a .22 magnum rifle, a 22/250 rifle, several bags of ammunition, photos, and the remains of the deer including the antlers. Mangum was indicted for criminal mischief and felony theft.

Mangum filed a motion to set aside the indictment which was granted. The State appealed the trial court's ruling and the San Antonio Court of Appeals reversed in part and remanded. *See State v. Bartee*, 894 S.W.2d 34 (Tex.App.—San Antonio 1994, no writ). Nevertheless, on September 27, 1995, the State subsequently filed a motion to dismiss the indictments which was granted. Mangum was never tried or convicted of any criminal offense, federal, state, county or municipal, arising out of the taking of the deer.

Mangum filed a motion for the return of property on February 20, 1997. After a hearing, the trial court granted her motion as to the return of all of the property except for the deer antlers. Mangum appealed.

■ The State asserts in its brief that we are without jurisdiction to hear this appeal because Mangum's notice of appeal was untimely filed. Article 47.12(c) of the Texas Code of Criminal Procedure provides that an interested person who appears at a hearing under article 47.01a must give oral notice of appeal at the conclusion of the hearing and must post an appeal bond by the end of the next business day in order to perfect the appeal.[3] The State contends that in this case, Mangum, by her own admission, received notice of the court's ruling on June 12, 1997, but failed to file a notice of appeal until June 28, 1997.

Article 47.12 was added by legislative enactment in 1993. The enacting legislation states that the new law:

> ... *applies only to property* alleged to have been stolen *that comes into the custody of a peace officer on or after the effective date of this Act.* Property ... that comes into the custody of an officer before that date is subject to the law in effect when the property came into the custody of the officer, and the *former law is continued in effect for that purpose.* (emphasis added). Act of May 22, 1993, 73rd Leg., R.S. ch. 860, § 3, 1993 Tex. Gen. Laws, 3373; *Four B's, Inc. v. State*, 902 S.W.2d 683, 684 n. 1 (Tex.App.—Austin 1995, writ denied).

The record shows that in the case before us, game wardens took custody of the antlers in question on November 25, 1992. The effective date of the 1993 amendment is August 30, 1993. Thus, this matter is governed by the statute in effect on November 21, 1992, and section 47.12(c)'s provision on perfection of the appeal does not apply.[4] In this regard, it is uncontroverted that this appeal

---

**3.** The Waco Court of Appeals has construed article 47.12(c) to mean that a party who wishes to appeal under article 47.01a must give notice at the conclusion of the hearing and that the hearing does not conclude until the court's ruling is both announced and received. *White v. State,* 930 S.W.2d 673, 677 (Tex.App.—Waco 1996, no writ).

**4.** Prior to the 1993 amendment to article 47 of the Code, Texas courts applied civil law to appeals from orders on motions for return of property. *See Bretz v. State,* 508 S.W.2d 97, 97–98 (Tex.Cr.App.1974)(appeal on order under article

47 did not lie in Court of Criminal Appeals). Under the current version of article 47, the trial courts sit on these matters in their criminal jurisdiction, Tex.Code Crim. Proc. Ann. art. 47.01a(a) (Vernon Supp.1999), while appeals from those rulings are governed by the applicable rules of procedure for civil cases. Tex.Code Crim. Proc. Ann. art. 47.12(a)(Vernon Supp.1999). Because the post 1992 amendments to article 47 do not apply to the matter before us, we are obligated to apply civil authority. *See Four B's, Inc. v. State,* 902 S.W.2d at 684–85.

was perfected under the applicable rules of appellate procedure in effect at the time the appeal was filed on June 28, 1997.

■ After oral argument, both Mangum and the State filed supplemental briefs with this court wherein they take opposing stances as to whether there is a final appealable order in this case. Mangum asserts in her supplemental brief that there is not a final appealable order, while the State takes the opposing position. The record contains two "orders" related to this case. The first is dated September 27, 1995, and it dismisses the felony theft indictment against Mangum. This order grants no relief other than dismissal of the criminal charge, and it is not the "order" Mangum has appealed from.

The second item is titled "ORDER" and is dated May 15, 1997. This document is subtitled "FINDINGS OF FACT" and contains a list of nine findings made by the trial court. Thereafter, the document is subtitled "CONCLUSIONS OF LAW" with eight conclusions listed. Finally, the document is signed by the trial court judge. However, there is no language granting or denying any particular relief to either the State or Mangum, nor is there a Mother Hubbard Clause.

■ However, the trial court made the following oral pronouncement at the conclusion of the hearing:

The motion of the defendant is denied. The property other than the horns are to be returned to the defendant. The horns are to remain with the agency of the State.

Despite the fact that there does not appear to be a written order entered in this case, we conclude that there was a final judgment rendered by the trial court. "The principle that an oral judgment by the court is valid is predicated upon the supporting principle that the entry of judgment is only a ministerial act." *Dunn v. Dunn,* 439 S.W.2d 830, 832 (Tex.1969)(citing *Williams v. Wyrick,* 151 Tex. 40, 245 S.W.2d 961 (1952) and *Bridgman v. Moore,* 143 Tex. 250, 183 S.W.2d 705 (1944)). "Thus a written judgment signed by the trial judge is not a prerequisite to the finality of a judgment." *Id.* at 832–33 (citing *Texas State Board Examiners in Optometry v. Lane,* 337 S.W.2d 801, 804 (Tex.Civ.App.—

Fort Worth 1960, writ ref'd)); *see also Ex parte Olivares,* 662 S.W.2d 594, 595 (Tex. 1983). The court's oral pronouncement disposed of all parties and issues in the matter before us. Consequently, the order was final and appealable. Having determined that article 47.12(c) does not apply to this case, and that there is a final judgment in the matter, we conclude that this court has jurisdiction to hear the appeal.

By her first point of error, Mangum contends that the trial court erred in not returning the deer antlers to her since she proved that she was entitled to them as a matter of law. By her second point, Mangum asserts that the court erred in granting possession of the antlers to the State as there is no evidence or insufficient evidence to support the order. The State contends that there was evidence presented to the trial court that Mangum stabbed the deer in violation of Parks and Wildlife regulations governing the taking of game animals. We conclude that there was factually and legally sufficient evidence supporting at least one of the three central findings made by the trial court, upon which the court could conclude that Mangum acquired the deer in a manner which made its acquisition an offense.

The applicable version of article 47.01a provides:

(a) If a criminal action relating to allegedly stolen property is not pending, a magistrate of the county or city in which the property is being held may hold a hearing to determine the right of possession of the property, upon the petition of an interested person, a county, a city, or the state. The magistrate shall order the property delivered to whoever has the superior right of possession, subject to the condition that the property be made available to the prosecuting authority should it be needed in future prosecutions, or the magistrate may remand the property to the custody of the peace officer, pending resolution of criminal investigations regarding the property.

(b) If it is shown in a hearing that probable cause exists to believe that the property was acquired by theft or by another manner that makes its acquisition an of-

fense and the identity of the actual owner of the property cannot be determined, the magistrate shall order the peace officer to:

    (1) deliver the property to a government agency for official purposes;

    (2) deliver the property to a person authorized by Article 18.17 of this code to receive and dispose of the property;

    (3) destroy the property.

(c) At a hearing under Subsection (a) of this article, any interested person may present evidence showing that the property was not acquired by theft or another offense or that the person is entitled to possess the property. At the hearing, hearsay evidence is admissible.

Act of May 30, 1987, 70th Leg., ch. 548, § 1, 1987 Tex. Gen. Laws 2210 (amended 1993)(current version at Tex.Code Crim. Proc. Ann. art. 47.01a (Vernon Supp.1999)).

Under this article, a trial court can deny a motion to return property where the court finds probable cause to believe the property was obtained by theft or by some other act that would make its acquisition unlawful. In the matter before us, the trial court found, among other things, that Mangum had stabbed the deer in violation of Texas Parks and Wildlife regulations governing the taking of game animals. *See* 31 Tex. Admin. Code §§ 65.11, 65.13 (Supp.1993)(Tex. Parks & Wildlife Dept.). Based in part on this finding, the court concluded that Mangum was not entitled to possession of the antlers "because they were acquired by her in an unlawful manner."

■ Findings of fact in a case tried to the court have the same force and dignity as a jury verdict upon jury questions. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). However, a court's findings of fact are not conclusive when a complete reporter's record appears in the appellate record. *Middleton v. Kawasaki Steel Co.,* 687 S.W.2d 42, 44 (Tex.App.—Houston [14th Dist.] 1985), *writ ref'd n.r.e. per curiam,* 699 S.W.2d 199 (Tex.

1985). The trial court's findings of fact are reviewable for legal and factual sufficiency. *Autohaus, Inc. v. Aguilar,* 794 S.W.2d 459, 461 (Tex.App.—Dallas 1990, writ denied). The appellate court applies the same standards applied in reviewing the legal or factual sufficiency of evidence supporting a jury's findings. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex.1991). While a court's conclusions of law cannot be challenged for factual sufficiency, the appellate court may review the conclusions independently and then examine the legal conclusions drawn from the facts to determine their correctness. *Ashcraft v. Lookadoo,* 952 S.W.2d 907, 910 (Tex.App.—Dallas 1997, writ denied).

■ Moreover, where an appellant challenges both legal and factual sufficiency of the evidence, the appellate court should first review the legal sufficiency challenge. *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 401 (Tex.1981); *Koch Oil Co. v. Wilber,* 895 S.W.2d 854, 862 (Tex.App.—Beaumont 1995, writ denied). If an appellant is attacking the legal sufficiency of an adverse finding to an issue on which he had the burden of proof, he must demonstrate that the evidence conclusively established all the vital facts in support of the issue. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989).[5] The reviewing court first examines the record for evidence that supports the finding while ignoring all evidence to the contrary. If there is no evidence to support the finding the reviewing court will then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.* If the contrary proposition is established by the evidence, the point of error will be sustained. *Meyerland Community Improvement Ass'n v. Temple,* 700 S.W.2d 263, 267 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). In reviewing challenges to the factual sufficiency of a trial court's finding on a matter which the appellant had the burden of proof, the appellant must show that the

---

5. For the purposes of this appeal, the standard of review is stated as if Mangum had the burden of proof to show that she legally obtained or possessed the antlers. *See State v. Bartee,* 894 S.W.2d 34, 44 (Tex.App.—San Antonio 1995, no pet.)(deer antlers may be owned and possessed if legally taken and obtained). However, whether Mangum or the State had the burden of proof, a question which we do not decide, is not controlling here because the evidence was sufficient to support the trial court's finding of fact in that regard in either case.

adverse finding is against the great weight and preponderance of the evidence. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983). The court of appeals must first examine the record to determine if there is some evidence to support the finding, and if such is the case, the court must determine, in light of the entire record, whether the finding is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986)(per curiam).

■ It is uncontroverted that the deer in question was killed on November 13, 1992, on Mangum's property in the city limits of Hill Country Village, Texas. Mangum testified game wardens came to her residence with a search warrant and seized a number of items, including the deer antlers. She specifically denied trying to kill the deer with a knife, stating that she went to the fence with a knife to try and cut the deer free. Mangum testified that she did not recall telling game wardens that she stabbed the deer in the throat with a knife. On redirect, Mangum said that the deer was trapped in the fence and was "crying out." She stated that on other occasions when deer became entangled in the fence, she called the city police who told her to "try to get [the deer] out or go ahead and shoot them."

After Mangum testified, she rested. The State called Sergeant Joe Esparza, a game warden for the Texas Parks and Wildlife Department. He testified that he had 22 years of experience as a game warden. He and three other game wardens executed the search warrant on Mangum in November, 1992. He testified that the fence was "torn up" and that it was "very possible" that a deer was hung in the fence there.

Officer Esparza also testified that he was present on November 25, 1992, when Mangum came to Parks and Wildlife Offices in San Antonio and gave a voluntary, videotaped statement about the deer. The State offered the videotaped interview into evidence, and the tape was admitted over Mangum's objection.[6] We note, after conducting our own review of the videotape, that Mangum admitted several times during the interview that she stabbed the deer with a knife.[7]

Examining the record for evidence that supports the finding while ignoring all evidence to the contrary, we find the following evidence in the record. The videotaped interview between Mangum and the game wardens on November 25, 1992, was admitted into evidence. In that interview, Mangum admitted on several occasions that she stabbed the deer with a knife. Consequently, we conclude that there was sufficient evidence in this record which supported the trial court's finding that Mangum stabbed the deer with a knife.

■ Moving on to Mangum's factual sufficiency challenge, we note that at the hearing on March 10, 1997, Mangum testified that she went to the fence with a knife to cut the deer out of the fence. Mangum testified that she did not recall making a statement to game wardens that she stabbed the deer with the knife. However, the trial court also had before it the videotaped interview wherein Mangum admitted to stabbing the deer. A court of appeals may not pass upon the credibility of the witnesses or substitute its findings for those made by the trial judge, nor may it substitute its judgment for that of the trier of fact, whether it may have reached a different conclusion after reviewing the evidence. In the *Interest of J.J.R.*, 669 S.W.2d 840, 843 (Tex.App.—Amarillo 1984, writ dism'd). The trial court is free to observe the witnesses, hear their testimony, determine their credibility and weigh the evidence. Consequently, we conclude, in light of the entire record, the finding was not

---

6. Mangum did not assert on appeal that the trial court erred in admitting the videotape into evidence.

7. The record shows that only two portions of the videotape were played in court. The record does not reflect how much of the tape was shown nor is there any indication of the contents of those specific portions played in court. The record shows that the entire videotape was admitted into evidence and that the court viewed at least part of that tape. Even if we were to assume that only those portions played in open court were in evidence, it is still Mangum's burden as appellant to show that the portions viewed did not contain any evidence supporting the trial court's finding. She has not carried this burden.

so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

The record shows that the trial court took judicial notice of Texas Parks and Wildlife regulations in effect on the date the deer was killed which made it illegal to hunt game except by authorized methods. The use of a knife was not an authorized method of hunting under the regulations. *See* 31 Tex. Admin. Code §§ 65.11, 65.13 (Supp.1993)(Tex. Parks & Wildlife Dept.). Having determined that the trial court's finding that Mangum stabbed the deer was supported by legally and factually sufficient evidence, we further conclude that the trial court properly concluded that Mangum acquired the deer in a manner that made its acquisition unlawful in the meaning of article 47.01a of the Code of Criminal Procedure. Since at least one of the trial court's findings of fact supporting its conclusion was supported by sufficient evidence, we need not address Mangum's contentions as to the other findings. Accordingly, Mangum's first and second points of error are overruled. The judgment of the trial court is affirmed.

DODSON, J., retired, not participating.