RECEIVED IN
The Court of Appeals
Sixth District

SEP 2 8 2015

Texarkana, Texas
Debra Autrey, Clerk

## CAUSE No. 06-15-00047-CV

FILED IN
The Court of Appeals
Sixth District

SEP 2 8 2015

Texarkana, Texas
Debra K. Autrey, Clerk

## Court of Appeals
## Sixth Appellate District
## State Of Texas

**BI-State Justice Building**
**100 North State Line Avenue #20**
**Texarkana, Texas 75501**

---

**Lowell Merritt / Appellant**
**v.**
**James Andrews and Robert Davis Appellee(s)**

## (MOTION FOR A RE-HEARING)

Both Parties Recorded an **Invalid Document** in Deed Records to Cloud Title To Mr. Merritt's Real Property Located in Waco, McLennan County.

---

## Cause No. 2015-2602-4

Filed in the 170th District Court-Transferred to 19th District Court

---

**Appeal From Final Order Issued By**
Honorable Judge Ralph Stother in the 19th **DISTRICT COURT**
McLennan County Courthouse 501 Washington Ave., Suite 303
Waco, Texas 76701 Phone: (254) 757-5081Fax: (254) 759-5683

**(Final Orders were based on an Order made void by Texas Case Law)**

---

## MOTION FOR A NEW HEARING

No Court is allowed to **give validity** to a Vexatious Litigant Order issued by Collin County since **Texas Case Law already VOIDED any and All Orders issued due to Lack of Subject Matter Jurisdiction.**

## SUBJECT MATTER TOPIC

**"Title to Mr. Merritt's real property located in McLennan County was Clouded by Invalid Document Recorded in the County Deed Records."**

**WHEN A STATUTE HAS <u>CONFERRED  EXCLUSIVE JURISDICTION</u> TO A COUNTY ...THIS IS CALLED <u>SUBJECT MATTER JURISDICTION</u>....Read the verbiage in this Statute.**

**Civ.Prac.&Rem.Code Chapter 15 Subchapter B. Mandatory Venue**

Sec. 15.011 LAND.  Actions for recovery of real property or an estate or interest in real property, for partition of real property, to <u>remove encumbrances</u> from the title to <u>real property</u>, for recovery of damages to real property, or to quiet title to <u>real property</u> shall be brought <u>in the county in which all or a part of the property is located</u>.

When this Lawsuit was initiated in the 74th Dist. Ct. in Waco on 04/2015 **the only real property I owned in Texas was located in McLennan County**... and "**shall**" used in a Statute...means "**No Exceptions**".

**TEXAS CASE LAW states....<u>Unlike</u> Territorial or Personal Jurisdiction....<u>Subject Matter Jurisdiction can not be waived</u>...and**

1

orders are <u>forever void</u> issued by a Court **that Lacked Subject Matter Jurisdiction...(a Vexatious Litigant Order is not excluded)**

**Texas Case Law** also states that <u>**res judicata does not apply**</u> to courts that adjudicate a case **when they <u>Lacked Subject Matter Jurisdiction.</u>**

**Mr. Jon Gimble**, the McLennan County Clerk, WITHOUT STANDING in this Case... **creates an order <u>without notifying any of the parties on record</u>**...was **ex-prate communications... "A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties.**

This ex-parte communication swayed the Judge's Opinion BEFORE Mr. Merritt was in the Court to discuss a Motion to have the 19th District Court Judge preside over this case **since it involved an "erroneous transfer of venue to a Court that lacked Subject Matter Jurisdiction.**

**Texas Supreme Court Case Law**

The Texas Supreme Court has held when a court lacks authority to adjudicate a case it's Orders are void...not binding on anyone...and all acts under it are nullities...( an act under it means any Court that gives validity to orders from courts that Texas Case Law already made void due to lack of subject matter jurisdiction...any Orders that give Validity to Orders already made Void by Texas Case Law become a nullity aka void as well since no court **has no jurisdiction over orders already made void by Texas Case Law... SEE PAGE 3 OF MY BRIEF...A court must have subject matter jurisdiction to adjudicate a case...**Tex. Ass'n of Bus. v. Tex. Air Control Bd, 852 S.W. 2d 440, 445 (Tex. 1993) this Includes COURT OF APPEALS as well...See... Waite v. Waite, 150 S.W.3d 797, 800 (Tex.

2

App.-Houston [14th Dist.] 2004, pet. denied) (appellate court has no jurisdiction over void judgment; appellate court can only dismiss and remand for further litigation.

**We must first consider were how and who caused the Collin County Court order to become Void**... and **it was Texas Case Law due to Lack of Subject Matter Jurisdiction**...SEE Mandatory Venue Sec. 15.011...now we have the 19th District Court giving Validity to what was already Void By Texas Case Law due to Lack of Subject Matter Jurisdiction... **has already been decided by the Texas Supreme Court...** speaking through Folley, Commissioner, in Bridgment vs. Moore, 143 Tex. 250, 183 S.W.2d at page 707...A violation of law tried by a court the lacked authority to act as a court... **causes all of it's orders to become void having no force of law**... and **all acts under it are considered nullities.** (This means any court that gives validity to an Order that Texas Case Law made void is NOT LEGAL and is classified as a nullity aka void as well)...this is exactly what was done by the 19th District Court in Waco Texas ..via the help of Jon Gimble who has NO STANDING in the Case , the County Clerk submits an Order to give validity to void orders... **by implying a District Court's Actions prevail over Texas Case Law Rulings** ...The 6th Dist COA has no authority over void orders...and can only reverse and remand.

### Subject Matter Jurisdiction

Merritt v. Davis was erroneously transferred to Collin County...A **judgment is void** when the Court had **no jurisdiction over the parties** or property, **no jurisdiction** of the **subject matter**, no jurisdiction to enter the judgment, or **no capacity to act as a court.** *Reiss v. Reiss,* **118 S.W.3d 439, 443 (Tex.2003);** *Toles,* **113 S.W.3d at 914 may be corrected through a** direct attack. *Reiss,* 118 S.W.3d at 443; *Toles,* 113 S.W.3d at 914.

3

Sec. 15.005. MULTIPLE DEFENDANTS. In a suit in which the plaintiff has established proper venue against a defendant, the court also has venue of all the defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences.

PROPER VENUE was established by Civ.Prac.&Rem.Code MANDATORY VENUE...Sec15.011...Sec. 15.005 allowed me to add Mr. Robert J. Davis since his James Andrews and Robert Davis Invalid Document was issued the same day from the same court in the year of 2008 was considered a series of transactions or occurrences that happened the same day....This was accepted by the Tenth Court of Appeals in Waco...who had a very full docket and was transferred to the Sixth District Court of Appeals via Texas Rules of Appellant Procedure Rule 17.2...and the **Court Reporters Transcript acknowledges this by listing it as LOWELL MERRITT VS. JAMES ANDREWS AND ROBERT DAVIS.**

I fully understand COURTS Hate pro se Litigants...I'm only asking the 6th Dist COA to rule accordingly...and take note to Texas Case Law and Statutory Laws I listed in my Brief ...no court is allowed imply a **District Court's Orders regarding a Vexatious Litigant Order are exempt from Texas Case Law of Voiding such Orders <u>due to</u> <u>lack of subject matter</u> <u>jurisdiction</u>...makes the prefiling MOOT...Collin County DID NOT have Authority too act as a court....and the 19th District Court Improperly gave Validity to Collin County Orders made void by Texas Case Laws....**The Supreme court upholds this by saying a court not having

the authority to act as a court causes it's order to **become void**…and **all acts under it are nullities**.

**The OCA does not check to see if Texas Case Law voided the Order** due to lack of Subject Matter Jurisdiction…The OCA is only required to maintain a list of vexatious litigants subject to prefiling orders under Section 11.101 of the Civil Practice and Remedies Code. The **OCA has no discretion in maintaining the list**, nor does it have the **authority to remove a name** from the list.…**In order to remove a name from the vexatious litigant list the OCA must receive an order directly from the issuing court vacating the prefiling order …or from an appellate court reversing the order…**

**(The issuing court will never do this…so it will be up to an Appellant Court to reverse due to lacked of subject matter jurisdiction)**

## Prayer

**(1) Reverse Vexatious Litigant Order issued by Collin County due to the Order being void for Lack of Subject Matter Jurisdiction…Remand this Case back to McLennan County to allow me due process of law.**

Respectfully Submitted,

Lowell Merritt / Appellant / E-Mail:knight155@excite.com
Ph. 214-778-5430 Cell Phone 469-999-6341

## Certificate Of Service
A true and correct copy of this was faxed to Defendant's Mr. Davis FAX line 972-234-1750 and by mail to Mr. Andrews at 122 Touchstone in Wylie, TX. 75098..and to Waco Clerk, Jon Gimble by FAX line 254-757-5060.

Lowell Merritt / Appellant

**Dear Court of Appeals**                    **Date: 09/26/2015**

## PLEASE ADD EXHIBIT (A) two pages AND THIS LETTER TO MY MOTION FOR RE-HEARING

My Lawsuit was not heard in any court much less in Collin County where it lacked Subject Matter Jurisdiction and had no authority to act as a court... that's why the first thing I did was to File a Motion to Remand this Case Back to where Mandatory Venue lies in McLennan County Texas and the Judge signed an order created by Mr. Davis that Denied this being done...Judge Wooten knew from that point forward her court lacked subject matter jurisdiction and DID NOT CARE but she had it appeared her Agenda was to protect Mr. Davis from being held accountable...and why she sua sponte the Vexatious Litigant Order without a Motion, Notice Or Hearing as mandated in that Statute.

Now it appears this has Priority over Texas Case Law that VOIDS orders issued by Courts that Lack Subject Matter Jurisdiction.

Sincerely,

Lowell Merritt / Appellant

E-Mail: knight155@excite.com

## ~EXHIBIT (A)~

Cause No. 380-1387-2009

| | | |
|---|---|---|
| LOWELL MERRITT | § | IN THE DISTRICT COURT |
| vs. | § § | 380TH JUDICIAL DISTRICT |
| ROBERT J. DAVIS | § § | COLLIN COUNTY, TEXAS |

## ORDER DENYING MOTION TO REMAND

On the 13th day of July, 2009, came on to be considered the Plaintiff's MOTION TO REMAND MCCLENNAN COUNTY VENUE TRANSFER BACK TO MCCLENNAN COUNTY WHERE MANDATORY VENUE LIES, and the Court, having carefully considered same and arguments of the parties, is of the opinion that such motion should be denied.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's MOTION TO REMAND MCCLENNAN COUNTY VENUE TRANSFER BACK TO MCCLENNAN COUNTY WHERE MANDATORY VENUE LIES be and hereby is denied.

SIGNED this the _____16_____ day of _____July_____, 2009.

JUDGE PRESIDING
380TH District Court, Collin County, Texas

Exhibit (A) Motion to Transfer Suit Back to Where
Mandatory Venue Lies in McLennan Co.

PAGE 1 OF 2

ORDER DENYING MOTION TO REMAND

PAGE SOLO

## EXHIBIT ( A ) For Re-Hearing

## Texas Civil Practice and Remedies Code

## SUBCHAPTER B. MANDATORY VENUE

Sec. 15.011. LAND. Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

## (This is Subject Matter Jurisdiction)

McLennan County was given EXCLUSIVE JURISDICTION to Adjudicate a violation of Civ.Prac.&Rem.Code Chapter 12 Sec 12.002...yet was erroneously transferred to Collin County.

This violation of law WAS NOT HEARD in Collin County... A hearing was set by the court coordinator to hear the Criminal Part of this and the JUDGE said that was a mistake and that was it...Mr. Davis filed for Paragraph (i) Summary Judgment ...I defeated it...by showing it he was wrong....and the word Vexatious Litigant was not stated in this Hearing...that's was the only hearing we had... I still have the Court Reporters Transcript to prove this.