**James H. SOOD, Plaintiff,**

v.

**ADVANCED COMPUTER TECHNIQUES CORPORATION, Defendant.**

**Civ. A. No. 192–69–A.**

United States District Court
E. D. Virginia,
Alexandria Division.

Oct. 8, 1969.

M. Patton Echols, Jr., Arlington, Va., for plaintiff.

Henry St. John Fitzgerald, Arlington, Va., for defendant.

## ORDER

KELLAM, District Judge.

On or about May 1, 1969, plaintiff filed in the Circuit Court of Arlington County, Virginia, on the Chancery side of said Court, a Bill [designated Motion for Judgment, Declaratory Judgment and Mandatory Injunction].[1] Service was had on defendant on or about May 5, 1969. On or about May 26, 1969, defendant filed its answer and three cross-claims.[2] Thereafter, on or about May 29, 1969, defendant filed a petition to remove the cause to the United States District Court for the Eastern District of Virginia, Alexandria Division. Plaintiff moved to remand. Plaintiff says that since defendant filed three counter-claims, he has waived his right to a removal and submitted to the jurisdiction of the State Court.

The issue is narrow. Does the filing of a counterclaim or cross-bill constitute a waiver of the right to remove?

The right of removal of cases from the State Court to a United States Court is governed by the provisions of Title 28, § 1441, U.S.C.A., and the subsequent sections. The procedure to be followed is prescribed by Title 28, § 1446, etc. No issue arises here as to the right of removal or the procedure taken, only whether the right to removal has been waived. Neither party questions the fact that a defendant may waive its right to a removal. Did defendant waive the right to removal by filing the cross-claims? The issue seems to be decided by the early case of Merchants' Heat and Light Company v. J. B. Clow & Sons, 204 U.S. 286, 27 S.Ct. 285, 51 L.Ed. 488. While the statute has been amended since the decision in that case, the amendments do not relate to the question there decided, namely, that "the defendant lost no rights by pleading to the merits, as required, after saving its rights," but, "by setting up its counter-claim the defendant became a plaintiff in its turn, invoked the jurisdiction of the court in the same action, and by invoking, submitted to it." [204 U.S. 289, 27 S.Ct. 286].

Advanced Computer Techniques Corporation was not required to file its counterclaim in the State Court, or face the loss of its claim. The Rules of Court point out that the filing is "at his option," and it would not lose the right to bring a separate action thereon. Such was the case in the Merchants Heat and Light case, supra. Again, the Court there said at page 290 [204 U.S. 290, 27 S.Ct. 286]:

> This single fact shows that the defendant, if he elects to sue upon his

---

1. Rule 2:2 of the Rules of Court, Virginia, provides that a suit in equity is commenced by filing in the clerk's office a bill of complaint. Rule 3:3 provides that an action at law is commenced by filing in the clerk's office a motion for judgment. An action for declaratory judgment is statutory and may proceed on law or chancery side of the court. Section 8–578, Code of Virginia, 1950, as amended; Carr v. Union Church, 186 Va. 411, 42 S.E.2d 840, 843.

2. Rule 2:13 provides a defendant [in equity] may within 21 days after service on him, or thereafter by leave of court, file a cross-bill "which seeks relief against the plaintiff." Rule 3:8 [Actions at Law] provides that within 21 days after service on defendant of the motion, "a defendant may, at his option, plead as a counterclaim," any cause of action at law for a money judgment he has against plaintiff, whether it grows out of the transaction mentioned in the motion or not, whether liquidated or not, in tort or contract, etc.

claim in the action against him, assumes the position of an actor and must take the consequences. The right to do so is of modern growth, and is merely a convenience that saves bringing another suit, not a necessity of the defense.

\* \* \* \* \* \*

There is some difference in the decisions as to when a defendant becomes so far an actor as to submit to the jurisdiction, but we are aware of none as to the proposition that when he does become an actor in a proper sense he submits. De Lima v. Bidwell, 182 U.S. 1, 174 [45 L.Ed. 1041, 1042, 21 S.Ct. 743]; Fisher v. Shropshire, 147 U.S. 133, 145 [37 L.Ed. 109, 115, 13 S.Ct. 201]; Farmer v. National Life Association, 138 N.Y. 265, 270 [33 N.E. 1075]. As we have said, there is no question at the present day that, by an answer in recoupment, the defendant makes himself an actor, and to the extent of his claim, a cross plaintiff in the suit. See Kelly v. Garrett, 1 Gilm. [6] (Ill.) 649, 652; Ellis v. Cothran, 117 Illinois, 458, 461 [3 N.E. 411]; Cox v. Jordan, 86 Illinois, 560, 565.

The case at bar is similar to the case of Briggs v. Miami Window Corporation, 158 F.Supp. 229 (M.D.Georgia, 1956), where at page 230, the Court said:

As this Court sees it, the defendant, by filing its plea in abatement and its cross-action in the State Court, waived its right to remove the case to this Court. The authorities read one way on this question where the cross-action or counter-claim is filed voluntarily by the defendant and is not required by the State law to be filed in order to preserve the defendant's rights later or elsewhere to assert his counter-claim.

"The rule that a nonresident defendant by voluntarily setting up a counter-claim when sued in a State court submits to the jurisdiction of the court, is likewise well established. See, Haney v. Wilcheck, D.C. W.D.Va., 38 F.Supp. 345, 354, for a collection of authorities." Wheatley v. Martin, D.C.W.D.Ark., 62 F.Supp. 109, 115(9).

"So far as defendants plea is confined to a mere denial of the plaintiff's claim, we will assume that he waives no right by filing it simultaneously with the petition to remove. Brisenden v. Chamberlain, C.C.S.C., 53 F. 307, 311, 312; Champlain Const. Co. v. O'Brien, C.C.Vt., 104 F. 930. But this is an entirely different situation from that where a defendant, as here, voluntarily invokes the jurisdiction of the state court by seeking its affirmative aid in his behalf." Haney v. Wilcheck, D.C.W.D.Va., 38 F.Supp. 345, 355.

\* \* \* \* \* \*

In the case of Texas Wool & Mohair Marketing Ass'n v. Standard Acc. Ins. Co., 5 Cir., 175 F.2d 835, 838, the defendant filed a third-party claim against an insurance company which appeared and filed an answer pleading its suretyship in the following words:

"At most this defendant is but a surety and if any recovery be granted against it, it should recover over against Kimble Wool & Mohair Company, Inc."

and Judge Holmes, writing for the Court, said:

"Therefore, if the surety had any right of removal, it waived the same by its answer \* \* \* "

The defendant's counter-claim was voluntary and not compulsory under Georgia law. The foregoing authorities are, therefore, applicable and binding upon defendant. See also, Rosenblum v. Trullinger, D.C.S.D.Ark., 118 F.Supp. 394(1); Baron v. Brown, D.C.S.D.N.Y., 83 F.Supp. 520(1); Hansen v. Pacific Coast Asphalt Cement Co., D.C.S.D.Cal., 243 F. 283, and Deakins v. Superior Court of Cal-

ifornia, in and for Los Angeles County, 90 Cal.App. 630, 266 P. 563(2).

The issue on the right to a removal was also decided in Haney v. Wilcheck, 38 F.Supp. 345 (W.D.Va.1941), where defendant had sought affirmative relief. At page 355, the Court said:

So far as defendants plea is confined to a mere denial of the plaintiffs claim, we will assume that he waives no right by filing it simultaneously with the petition to remove. Brisenden v. Chamberlain, C.C.S.C., 53 F. 307, 311, 312; Champlain Const. Co. v. O'Brien, C.C.Vt., 104 F. 930. But this is an entirely different situation from that where a defendant, as here, voluntarily invokes the jurisdiction of the state court by seeking its affirmative aid in his behalf.

The conclusion reached that the counter-claimants were not entitled to remove, makes it unnecessary to discuss the effect of Jay P. Altmayer's failure to unite in the petition for removal.

See also Vendetti v. Schuster, 242 F. Supp. 746 (W.D.Pa.1965).

■ Since the filing of a counterclaim was not compulsory but optional, the defendant invoked the jurisdiction of the State Court, submitted all issues in that case for its determination, and thereby became a plaintiff. Section 8–244 of the Code of Virginia, 1950, as amended, provides that a defendant who pleads a counterclaim or cross-claim shall "be deemed to have brought an action at the time he files such pleading." The statute further provides that the "plaintiff shall not, after the counterclaim is filed, dismiss his case without the defendant's consent."

It is ordered that plaintiff's motion to remand is granted and this cause is remanded to the Circuit Court of Arlington County, Virginia, for further proceedings.