Caleb A. BALDWIN

v.

PERDUE, INC., et al.

Caleb A. BALDWIN

v.

PERDUE, INC., et al.

Civ. A. Nos. 78–0443–R, 78–0437–R.

United States District Court,
E. D. Virginia,
Richmond Division.

June 8, 1978.

D. Malcolm Glenn, Richmond, Va., for plaintiff.

T. S. Ellis, III, Paul G. Turner, Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

Plaintiff filed suit 20 March 1978 in the Circuit Court of King William County against Perdue Incorporated (hereinafter "Perdue") and Ring Around Products, Inc. (hereinafter "Ring Around"), seeking damages allegedly resulting from the use of soybean seeds purchased from Perdue. Defendant Perdue filed its grounds of defense, demurrer, and cross-claim in the Circuit Court of King William County 14 April 1978. Subsequently on 21 April 1978 defendants Perdue and Ring Around filed separate petitions for removal in this Court. Plaintiff filed a "motion to dismiss the petition for removal" on 4 May 1978. This motion will be treated as a motion to remand. Both defendants have filed their responsive briefs and the time in which plaintiff could have filed his rebuttal brief has expired. Accordingly, the matter is now ripe for disposition.

The basis for plaintiff's motion is twofold. First, plaintiff argues that defendant Perdue does business in Virginia and the diversity required for removal is lacking because defendant Perdue is subject to the jurisdiction of Virginia State courts. Secondly, plaintiff argues that defendant Perdue forfeited any removal rights by filing pleadings and thereby submitting to the jurisdiction of the Circuit Court of King William County.

The grounds for remand as set forth by plaintiff are without merit. Plaintiff cited no authority for his proposition that the filing of responsive pleadings[1] in the State court amounts to a general ap-

---

1. Plaintiff's argument in brief lists the cross-claim among the responsive pleadings filed by defendant Perdue but it was the filing of re- sponsive pleadings in general, not the filing of a cross-claim in particular, which plaintiff contended barred removal.

pearance which blocks removal. Indeed, no authority exists. Nor is there any basis for remand in the other proposition mentioned by plaintiff in his motion. The fact that a foreign corporation is subject to service of process in Virginia does not make it any the less a citizen of another State.

■ The dispositive feature of the case is the fact that defendant Perdue filed a cross-claim against its co-defendant Ring Around while the case was pending in the State Court and before the petition for removal was filed. Though plaintiff cited no law on this issue nor did it argue its significance, and though defendants avoided any reference to it in briefs, the Court believes that the filing of the cross-claim by Perdue requires remand.

Though based upon the pre-1948 statute, in his extensive discourse in *Haney v. Wilcheck*, 38 F.Supp. 345, 351–53 (W.D.Va. 1941), Judge Paul exhaustively set forth the law as it then was understood. After quoting at length from *Merchants' Heat & L. Co. v. James B. Clow & Sons*, 204 U.S. 286, 27 S.Ct. 285, 51 L.Ed. 488 (1906) Judge Paul observed:

> Some of the cases, based probably on the language of *West v. Aurora* [6 Wall. 139, 18 L.Ed. 819 (1867)] have discussed the distinction between counterclaims or cross suits which set up defensive matter only and those seeking affirmative relief or a recovery over, as affecting the status of the parties. But *Merchants' Heat & L. Co. v. James B. Clow & Sons, supra*, would seem to settle the propriety of the view that any counterclaim, whether it be called recoupment, set-off, cross demand or what not, and even if it arises out of the same transaction, which goes beyond denial of plaintiff's claim and seeks recovery over, is not a mere defense but an affirmative action as to which the counter claimant is plaintiff; at least in those cases where the interposition of the counterclaim is at the option of defendant.

The cross-claim which cross-claim-plaintiff Perdue filed against cross-claim-defendant Ring Around was apparently asserted under the provisions of Rule 3:9 of the Supreme Court Rules of Virginia which Rule clearly indicates its volitional nature:

> A defendant may, at his option, plead as a cross-claim any cause of action that he has or may have against one or more other defendants growing out of any matter pleaded in the motion for judgment.

A more recent examination into the issue was made by Chief Judge Kellam of this Court in *Sood v. Advanced Computer Techniques Corporation*, 308 F.Supp. 239 (E.D. Va.1969). In *Sood* defendant Computer Techniques Corporation filed a permissive counterclaim against plaintiff in the State court and then sought removal to the federal court. Judge Kellam answered his question, "Does the filing of a counterclaim . . . constitute a waiver of the right to remove?" in the affirmative. Noting that the statute had been amended since *Merchants' Heat, supra*, Judge Kellam nevertheless adhered to the principle therein enunciated.

Though there is an obvious difference between a counterclaim against plaintiff and a cross-claim against a codefendant, Judge Kellam quoted with approval *Briggs v. Miami Window Corporation*, 158 F.Supp. 229, 230 (M.D.Ga.1956) which in turn quoted from a Fifth Circuit case:

> In the case of *Texas Wool & Mohair Marketing Ass'n v. Standard Acc. Ins. Co.*, 5 Cir., 175 F.2d 835, 838, the defendant filed a third-party claim against an insurance company which appeared and filed an answer pleading its suretyship in the following words:
>
> > "At most this defendant is but a surety and if any recovery be granted against it, it should recover over against Kimble Wool & Mohair Company, Inc."
>
> and Judge Holmes, writing for the Court, said:
>
> > "Therefore, if the surety had any right of removal, it waived the same by its answer . . ."

It follows from the above that defendant Perdue has affirmatively, by its own voluntary act, submitted to the jurisdiction of the

Circuit Court of King William County, Virginia, thereby waiving its right to removal.

It is noted that the parties defendant separately petitioned for removal. The removal statute and the case law requires that *all* parties defendant must file a petition and that all must be eligible for removal otherwise removal is improper for any of the parties. 28 U.S.C. §§ 1441(a), 1446(a); *Tri-Cities Newspapers, Inc. v. Tri-Cities P. P. & A. Local 349*, 427 F.2d 325, 326–27 (5th Cir. 1970). Without regard then to defendant Ring Around's right to removal, the entire case must be remanded because of the waiver of Perdue's right to removal.