**BRYANT ELECTRIC COMPANY, INC., Plaintiff,**

v.

**JOE RAINERO TILE COMPANY, INC., trading and doing business as Permatile Concrete Pipe Company, Defendant.**

**JOE RAINERO TILE COMPANY, INC., trading and doing business as Permatile Concrete Pipe Company, Plaintiff,**

v.

**BRYANT ELECTRIC COMPANY, INC., Defendant.**

Civ. A. Nos. 79–0144–A, 79–0174–A.

United States District Court, W. D. Virginia, Abingdon Division.

Oct. 29, 1979.

James P. Jones, Penn, Stuart, Eskridge & Jones, Bristol, Va., for plaintiff in 79–0144–A and for defendant in association with Philip L. Fortune, Atlanta, Ga.

Charles B. Flannagan, II, Woodward, Miles & Flannagan, Bristol, Va., for defendant in 79–0144–A and for plaintiff in 79–0174–A.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This matter is before the court to consider two motions filed in the above cases. Jurisdiction in both actions is predicated on 28 U.S.C. § 1332(a)(1). Complete diversity exists: Bryant Electric Company is a North Carolina corporation with its principal place of business in. a state other than Virginia; Joe Rainero Tile Company is a Virginia resident. The jurisdictional amount requirement has been met in Civil Action No. 79–0144–A, although it is in dispute in the other action.

### I.

Civil Action No. 79–0144–A was commenced in federal district court on July 2, 1979, by Bryant Electric Company, Inc. to recover from Charles J. Rainero, trading and doing business as Permatile Concrete Pipe Company, the sum of $377,125.27 plus interest and costs. The action is based on two theories: negligence and breach of express and implied warranties. Plaintiff had contracted with defendant for the purchase of pipes for use in a sewer project for the City of Bristol, Virginia.

Defendant made a motion to dismiss on July 25, 1979, on the grounds that Charles J. Rainero was not trading or doing business as Permatile Concrete Pipe Company. Plaintiff subsequently amended its complaint pursuant to Fed.R.Civ.P. 15(a) to designate Joe Rainero Tile Company, Inc., trading and doing business as Permatile Concrete Pipe Company, as defendant. Defendant Tile Company then moved to dismiss and/or for summary judgment on the grounds that the plaintiff had improperly substituted one party for another without leave of court. It is this motion the court will address first.

It is alleged by the plaintiff, and undisputed by the defendant, that prior to the filing of plaintiff's complaint, Permatile Concrete Pipe Company had failed to register an assumed name certificate as required by Va. Code § 59.1–69, which reads as follows:

> § 59.1–69. *Certificate required of person or corporation transacting business under assumed name.*—No person or corporation shall conduct or transact business in this State under any assumed or fictitious name unless such person or corporation shall sign and acknowledge a certificate setting forth the name under which such business is to be conducted or transacted, and the names of each and every person or corporation owning the same, with their respective post office and residence addresses  .  .  ., and file the same in the office of the clerk of the court in which deeds are recorded in the county or corporation wherein the business is to be conducted.

Since Permatile was not listed with Virginia's or Tennessee's Secretary of State as a corporation existing under the laws of those sovereigns, plaintiff styled the defendant as "Charles J. Rainero, trading and doing business as Permatile Concrete Pipe Company," thereby naming and identifying the individual and entity with whom plaintiff had transacted its business.

Permatile Concrete Pipe Company attempted to cure its neglect in failing to meet Virginia's statutory requirements, after plaintiff's complaint was filed, by completing an assumed name certificate under the provisions the provisions of Va. Code § 59.1–69. Plaintiff, upon learning of the belated filing of the assumed name certificate after it received Charles J. Rainero's motion to dismiss, amended its complaint to designate "Joe Rainero Company, Inc., trading and doing business as Permatile Concrete Pipe Company," as defendant.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . ." The motion to dismiss filed by Charles J. Rainero is not a responsive pleading as contemplated by Rule 15(a). *Sohns v. Dahl*, 392 F.Supp. 1208 (W.D.Va.1975). It is the court's opinion that plaintiff properly amended its complaint pursuant to Fed.R.Civ.P. 15(a), to correct a misnomer engendered by defendant's failure to comply with Virginia's Assumed Named Statute. Defendant argues that plaintiff is substituting a corporation for an individual, and, therefore, it is attempting to sue a different party than originally indicated without leave of court as required by Fed.R.Civ.P. 21. This argument is without merit.

The treatise writers agree that plaintiff may correct a misnomer in the complaint when "it is clear that the person before the court is the person plaintiff intended to sue, [and] such corrective amendment has been held to relate back." 3 Moore's Federal Practice § 15.15(.4–1) at 213 (2d ed. 1978). Similarly, when plaintiff seeks to change the capacity in which defendant is being sued, the amendment should be allowed and should relate back pursuant to Rule 15(c) when it "does not change the parties before the court . . . [i]n this situation defendant has had notice from the outset that an action has been brought against him and may not properly claim prejudice or surprise to defeat the amendment." Wright & Miller, Federal Practice & Procedure: Civil § 1498 at 514 (1976).

Plaintiff used due diligence in trying to ascertain the proper name in which to sue Permatile Concrete Pipe Company. It meant to sue Permatile Concrete Pipe Company; the fact that it styled the defendant as Charles J. Rainero rather than Joe Rainero Tile Company was not the result of any mistake it made. To allow defendant to profit from its failure to comply with Virginia's registration provisions would be a gross miscarriage of justice. The purpose of Va. Code § 59.1–69, as explained by the Supreme Court of Virginia, is:

> to prevent fraud and to compel an individual or a corporation to disclose the name of the real owner of the business, *in order that the person or corporation may sue in or be sued by the proper name.* (Emphasis added.)

*Leckie v. Seal*, 161 Va. 215, 224, 170 S.E. 844, 847 (1933). Because of defendant's failure to comply with the statute, plaintiff was unable to ascertain the correct name of the corporation, and therefore was placed in the position of naming the person who was apparently in charge of the business. Charles J. Rainero is vice-president of Joe Rainero Tile Company, Inc., and is the person with whom plaintiff had dealt. The important point, however, is that plaintiff had in mind the proper entity in its original caption. *See Munetz v. Eaton Yale & Towne, Inc.*, 57 F.R.D. 476 (E.D.Pa.1973).

As mentioned above, the amendment to the complaint will relate back to the date of the original filing pursuant to Fed.R. Civ.P. 15(c). No prejudice will result to the defendant from the relation back. It knew or should have known of the first complaint, since Charles J. Rainero is an executive officer of Joe Rainero Tile Company,

and it was served with the amended complaint.[1] Furthermore, the proceedings have not advanced to the point that defendant can show any prejudice with regard to its presentation or preparation of its defense. Thus, the federal suit is prior in time to the state court suit brought by Joe Rainero Tile Company, defendant herein. The importance of this fact will be discussed later.

## II.

A motion has been made in Civil Action No. 79–0174–A by the plaintiff, Joe Rainero Tile Company, to have that cause remanded to state court. The motion is based on two arguments: (1) the defendant has improperly removed the action from state court because the jurisdictional amount requirement has not been met; and (2) the defendant has waived its right of removal by asserting a permissive counterclaim against the plaintiff in state court.

Plaintiff filed a motion for judgment against Bryant Electric Company, Inc., in the Circuit Court for the City of Bristol, Virginia, on July 25, 1979, seeking to recover Six Thousand Three Hundred Sixteen Dollars and Forty-Seven Cents ($6,316.47), the amount allegedly due as the unpaid balance on the same contract as involved in Civil Action No. 79–0144–A. Defendant filed a counterclaim against the plaintiff, demanding Three Hundred Seventy-Seven Thousand, One Hundred Twenty-Five Dollars and Twenty-Seven Cents ($377,125.27) plus interest and costs, on the same grounds as set out in its federal complaint. It then petitioned this federal court to remove the state action to federal court and consolidate it with the suit already pending involving the same parties and arising out of the same transaction. The case was removed, and the action is now before the court on plaintiff's motion to remand.

Plaintiff's motion to remand is granted. Civil Action No. 79–0174–A lacks the requisite jurisdictional amount and, therefore the court may not exercise jurisdiction over it. The plaintiff has alleged an amount less than Ten Thousand Dollars ($10,000.00), and this court may not look to the defendant's counterclaim to establish the jurisdictional amount.

Although courts disagree on whether a compulsory counterclaim may be used to establish jurisdictional amount in a removal situation, *see cases cited in* Wright & Miller, Federal Practice and Procedure: Jurisdiction § 3706 at 456–57 (1976); 1A Moore's Federal Practice ¶ 0.167[8] at 408–09 (2d ed.1974), it is well established that a counterclaim that is deemed "permissive" under state law may not be used to establish jurisdictional amount. Feinberg, *Establishing Federal Jurisdictional Amount by a Counterclaim*, 21 Mo.L.Rev. 243, 245 n. 9 (1956); 45 Va.L.Rev. 737, 738 n. 12 (1959). The rule of court governing counterclaims in Virginia states that:

> Rule 3:8. [A] defendant may, *at his option*, plead as a counterclaim any cause of action at law for money judgment in personam that he has against the plaintiff or all plaintiffs jointly, whether or not it grows out of any transaction mentioned in the notice of motion for judgment, whether or not it is for liquidated damages, whether it is in tort or contract and whether or not the amount demanded in the counterclaim is greater than the amount demanded in the notice of motion for judgment. (Emphasis added.)

Virginia does not have a compulsory counterclaim provision and, therefore, all counterclaims are deemed to be permissive, since they are at the option of the defendant.[2]

---

1. Defendant argues that "[p]laintiff obviously realized that a misnomer did not exist as new suit papers were served upon the corporate defendant, which action would not have been necessary to correct the misnomer." The court feels that plaintiff's service of the amended complaint was in accordance with Fed.R.Civ.P. 5(a) and 4 and should not be mistaken as an admission.

2. Defendant argues that the counterclaim filed herein was in fact compulsory because of the interaction between the federal and state time limits. Rule 3:8 of the Supreme Court of Virginia states that a counterclaim must be asserted within twenty-one (21) days after service of the notice of motion for judgment. Title 28, § 1446(b) of the United States Code provides, however, that removal of a civil action shall be

This court must follow the rule that counterclaims voluntarily filed in state court may not be used to determine the amount in controversy for federal actions.[3] *Haney v. Wilcheck*, 38 F.Supp. 345, 354 (W.D.Va. 1941). Extension of the jurisdiction of federal courts by judicial interpretation is zealously guarded against. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Congress has not delineated what may be considered as the matter in controversy to determine whether there is jurisdiction over a case removed from state court, and this court may not overstep its bounds by taking into consideration the amount of a voluntary counterclaim. Furthermore, one reason used by courts to justify consideration of the amount of a *compulsory* counterclaim, i. e., to prevent injustice to the defendant when a plaintiff with a small claim has raced into state court first to deprive the nonresident of access to federal court, 1A Moore's Federal Practice ¶ 0.167[8] at 408 (2d ed.1974), is inapplicable here. The defendant in the state court suit had previously instituted suit in federal court.

Since plaintiff's motion was granted on its first argument, the second need not be discussed in depth. Suffice it to say that

voluntary filing of a counterclaim or cross-claim in Virginia has been held to be a waiver of the right to removal. *Baldwin v. Perdue, Inc.*, 451 F.Supp. 373 (E.D.Va.1978); *Sood v. Advanced Computer Techniques Corp.*, 308 F.Supp. 239 (E.D.Va.1969); *Haney v. Wilcheck*, 38 F.Supp. 345 (W.D.Va. 1941).

### III.

Having determined that Civil Action No. 79–0174–A lacks the requirements for federal jurisdiction and must be remanded to state court, the court must decide whether it should stay the state court proceeding to avoid duplication of litigation or stay the federal proceeding pending termination of the concurrent state court proceeding on the grounds of equitable abstention. The Anti-Injunction Act expressly forbids a United States court from enjoining state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. If there is any doubt as to whether the circumstances constitute one of the exceptions to Section 2283, the doubt must be resolved against the finding of an

---

filed within thirty (30) days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief. Therefore, if the state court defendant is entitled to removal within thirty (30) days, it must file its counterclaim within the twenty-one (21) day period, since the case might be remanded after it is removed, and the defendant would find itself in state court without a counterclaim. Logic dictates, however, if the counterclaim is not compulsory in state court, then the defendant may file a new suit to litigate its claim. In the situation in which the subject matter is the same in both suits however, the defendant *may* be precluded from relitigating the issue by the principle of collateral estoppel. One way to avoid this problem would be to look to federal law to determine whether a counterclaim is permissive or compulsory. *Feinberg, supra* at 248. *But see* Wright & Miller, Federal Practice and Procedure: Jurisdiction § 3706 at 458 n. 47 (1976).

For reasons stated in the text, however, this court must follow the rule that a counterclaim deemed permissive by state law may not be used to give a federal court jurisdiction over the action.

**3.** Defendant's argument to the contrary is based on the proposition that the "matter in controversy" is whether the contract between the parties was breached and that the entire contract has been placed in dispute by the plaintiff's complaint and defendant's counterclaim. *See Congaree Broadcasters, Inc. v. TM Programming, Inc.*, 436 F.Supp. 258 (D.S.C. 1977). This court has previously acknowledged the validity of the viewpoint that the amount in controversy is the effect which plaintiff's request for relief will have on either party. *Deel v. Fletcher*, Civil Action No. 78–0149–B (unpubl. Sept. 27, 1978) (plaintiff's request for injunctive relief would have pecuniary effect on defendant of over $10,000). The matter in dispute herein, however, can only legitimately be conceived to derive from plaintiff's complaint, the requested relief being the amount owed on the contract. The court refuses to hold that a counterclaim, *voluntarily* instituted by the defendant, although based on the same contract, is to be considered part of the matter in controversy.

exception. *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 297, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). This court cannot enjoin the state court proceeding under the only applicable exception, "where necessary in aid of its jurisdiction." Both the state and federal courts have jurisdiction over the controversy. The U. S. Supreme Court has held that two *in personam* actions, although arising out of the same transaction and involving the same parties, may proceed concurrently: one in federal court; the other in state court. *Kline v. Burke Construction Co.*, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922). In 1976, the Supreme Court reaffirmed the *Kline* doctrine when it held that the "in aid of its jurisdiction" exception to Section 2283 was not intended to disturb the balance between the state and federal court's concurrent jurisdiction of an *in personam* action. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 642, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1976). Therefore, this court cannot enjoin the state court proceedings.

█ Neither, however, will this court stay the federal court proceedings. The exercise of abstention is a discretionary act, appropriate in certain instances. *Aetna State Bank v. Altheimer*, 430 F.2d 750, 755 (7th Cir. 1970). The circumstances surrounding this litigation do not lead to the conclusion that the federal court should abstain from deciding the suit. The federal action was filed first, then the state court proceeding was initiated by Joe Rainero Tile Company after it discovered Bryant Electric Company had made a mistake in its pleadings in the federal court suit. *See* Part I *supra*. Joe Rainero Tile Company alleged that the plaintiff's subsequent amendment of its pleadings was actually a substitution of parties and violated Fed.R. Civ.P. 21. The practical result of a holding to that effect would have placed the state court proceeding first in time because the substitution would not have related back to the original filing. The posture of the suits

would then have rendered the federal court suit more susceptible to application of the abstention doctrine. *See, e. g., Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *Amdur v. Lizars*, 372 F.2d 102 (4th Cir. 1967) (state court suits instituted prior in time to federal court suit). Bryant Electric Company, however, was held to have properly changed its pleadings without leave of court to correct a misnomer, and, therefore, the amendment related back to the date of filing. One of the reasons for that holding was to avoid an injustice to the plaintiff; plaintiff's mistake had resulted from defendant's failure to comply with Virginia's registration provisions.

█ Because the federal suit was ruled to have been instituted prior to the state court suit, this court will not stay its proceedings on the grounds that they are duplicative. It would be illogical to allow a defendant in a federal court action based on diversity jurisdiction to move to stay it because of a subsequently filed state court action. To do so would destroy the concept of diversity jurisdiction. The nonresident plaintiff has availed itself of a neutral forum and should not be deprived of it, especially since it may be at a disadvantage in state court.[4]

Indeed, this court is of the opinion that the state court should stay its own proceedings voluntarily. The entire matter can be litigated in federal court. Since Bryant Electric Company will probably nonsuit its counterclaim in state court in order to avoid any res judicata effect as to it and Joe Rainero Tile Company must file its counterclaim in federal court under Fed.R.Civ.P. 13(a), or lose its right to assert it, the federal court will be the one with all the issues before it.

In accordance with the reasons stated above, defendant's motion to dismiss in Civil Action No. 79–0144–A is denied and plaintiff's motion to remand in Civil Action No. 79–0174–A is granted.

---

4. The plaintiff in the state court action, Joe Rainero Tile Company, is a local business of long standing in the Bristol community.