Deborah LOTT, Individually, and as Personal Representative of the Estate of Sara Kelsey Lott, Deceased, et al., Plaintiffs,

v.

SCOTTSDALE INSURANCE COMPANY, et al., Defendants.

Case No. 1:11cv362.

United States District Court, E.D. Virginia, Alexandria Division.

May 9, 2011.

Samantha Jacobson, Scott Michael Perry, Thomas Wilfried Mitchell, Bruce J. Klores & Associates, P.C., Washington, DC, Thomas Simpson Garrett, Harman Claytor Corrigan & Wellman, Richmond, VA, for Plaintiffs.

Tracie Noelle Wesner, Eccleston and Wolf PC, Fairfax, VA, for Defendants.

## ORDER

T.S. ELLIS, III, District Judge.

Because the complaint in this removed state wrongful death case shows on its face a lack of diversity of citizenship among the parties, two threshold jurisdictional questions are presented.

> First, whether it is permissible—after a removal has occurred—to realign the parties to produce the required diversity.

> Second, whether the requested party realignment is appropriate under the principles governing party realignment.

Both questions are properly answered in the affirmative.

### I.

Plaintiffs Deborah Lott and Douglas Lott (collectively "Lott plaintiffs") are residents of Virginia whose daughter, Sara Lott, attended a birthday party at Lake Ridge Community Swim Club ("Lake Ridge") in Occoquan, Virginia. During the birthday party, Sara Lott was found in the swimming pool with her head down and not moving. As a result of the incident, Sara Lott suffered hypoxic injury to her brain due to loss of oxygen and died two days later. Following this tragic event, the Lott plaintiffs filed a Virginia wrongful death action (hereinafter "Underlying Lawsuit") against five defendants: (i) Lake Ridge and (ii) the following four Palm Pools defendants—(a) Palm Pool Management, Inc., (b) Palm Pools Service Corp., (c) Palm Pools Service Corp. of

Maryland, and (d) ICA/Palm Pools Corp. (collectively "Palm Pools"). In the Underlying Lawsuit, the Lott plaintiffs alleged that Palm Pools was responsible for operating the swimming pool at Lake Ridge and was, among other things, negligent in providing lifeguard services. Based on these allegations, the Lott plaintiffs asserted causes of action against Palm Pools for wrongful death, negligent hiring, negligent retention, negligent training, and negligent supervision, and they seek $10 million in damages.

Scottsdale Insurance Company ("Scottsdale") issued a primary commercial general liability insurance policy and an excess liability insurance policy to Palm Pools. After the Lott plaintiffs commenced the Underlying Lawsuit, Scottsdale disclaimed any duty to defend or indemnity Palm Pools for the claims in the Underlying Lawsuit. Thereafter, the Lott plaintiffs, Lake Ridge, and Lake Ridge's insurance provider, Harleysville Insurance Company ("Harleysville"), filed a declaratory judgment action against Scottsdale and Palm Pools in Virginia state court. In the declaratory judgment complaint, the plaintiffs request a declaration that the insurance policies issued by Scottsdale to Palm Pools provide coverage to Palm Pools for any loss or judgment resulting from the allegations in the Underlying Lawsuit. More specifically, the plaintiffs request a

declaration that Scottsdale has (i) a duty to defend Palm Pools against the claims asserted in the Underlying Lawsuit, and (ii) a duty to indemnify Palm Pools for any settlement or judgment arising from the claims asserted against Palm Pools.[1] The plaintiffs in the declaratory judgment action do not seek any relief from Palm Pools.

Scottsdale removed this declaratory judgment action to this district, pursuant to 28 U.S.C. § 1441(a).[2] In its Notice of Removal, Scottsdale asserted that removal was proper because there is diversity of citizenship jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a)(1). Scottsdale concedes that diversity of citizenship does not exist based on the initial alignment of the parties in the declaratory judgment action because the Lott plaintiffs and Lake Ridge, on the one hand, are citizens of Virginia, and some of the Palm Pools defendants, on the other hand, are also citizens of Virginia. Yet, Scottsdale asserts that removal is proper because the Palm Pools defendants should be realigned as plaintiffs for the purpose of determining whether diversity jurisdiction exists. Once the parties are realigned, Scottsdale asserts that there is diversity of citizenship because Scottsdale—the sole defendant for jurisdictional purposes—is a citizen of Ohio and Arizona, and none of the plaintiffs is a citizen of those states.[3] The plaintiffs in

---

1. Although not pertinent to this motion, plaintiffs also request all other relief deemed "just and appropriate." *Deborah Lott, personal representative of the estate of Sara Kelsey Lott, deceased, et al.*, Case No. CL 11–0447–00.

2. The law is well-settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court. *See Chicago, Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900). Here, the Palm Pools defendants are not required to consent to removal given the realignment (see Part III) of the Palm Pools defendants as plaintiffs for

jurisdictional purposes. *See, e.g., Saylab v. Harford Mt. Ins. Co.*, 271 F.Supp.2d 112, 117–118 (D.D.C.2003) (holding that after granting motion to realign a named defendant as a plaintiff, "[i]t would be inconsistent ... to then grant the motion to remand solely because [the realigned defendant] did not consent to removal").

3. Once the parties are realigned, the citizenship of the plaintiffs is as follows: Deborah Lott (Virginia); Douglas Lott (Virginia); Lake Ridge (Virginia); Harleysville (Delaware/Pennsylvania); Palm Pool Management, Inc. (Virginia), Palm Pools Service Corp. (Vir-

the declaratory judgment action do not oppose Scottsdale's motion for realignment.

## II.

The first question presented—whether post removal party realignment to create diversity is permissible—is easily answered in the affirmative based on settled authority in this circuit and elsewhere.[4] Put simply, it is settled that where, as here, there is no diversity of citizenship based on the initial alignment of the parties in an action commenced in state court, a defendant may nonetheless remove the case to federal court and request realignment of the parties to produce the requisite diversity. If the motion to realign is granted and the other requirements for diversity jurisdiction are met, the case may proceed in federal court. If the motion to realign is denied and hence the requisite diversity does not exist, the case must be remanded to state court. The seldom stated, but sensible rationale for these decisions is that jurisdictional consequences should not be determined until the parties are properly aligned according to their interests, and this principle applies equally to cases that are originally filed in federal court as it does to cases that are removed from state court.

The second question—whether the requested realignment is appropriate—is

---

ginia), Palm Pools Service Corp. of Maryland (Maryland), and ICA/Palm Pools Corp. (Virginia). And, once the parties are realigned, the only defendant is Scottsdale, which is a citizen of Ohio and Arizona.

4. *See Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120–21 (4th Cir.2004) (concluding that realigning parties in action removed from state court would not create diversity jurisdiction); *Nationwide Mut. Ins. Co. v. 1400 Hampton Blvd., LLC.*, Nos. 2:10cv310, 2:10cv343, 2010 WL 5476748, at *2–3 (E.D.Va. Dec. 2, 2010) (realigning parties after removal for purpose of determining whether diversity jurisdiction existed); *Crout v. United Fin. Cas. Co.*, No. 1:10–649, 2010 WL 2998500, at *1–2 (D.S.C. July 28, 2010) (same); *Gressette v. Sunset Grille, Inc.*, 447 F.Supp.2d 533, 535–37 (D.S.C.2006) (same); *Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 5:05cv41, 2006 WL 839515, at *3 (N.D.W.Va. Mar. 30, 2006) ("When determining whether diversity exists in a civil action removed from state court, the district court has the discretion to realign the parties according to their real interests." (citing *Glenmede Trust Co. v. Dow Chem. Co.*, 384 F.Supp. 423, 427 (E.D.Pa.1974))); *Ohio Cas. Ins. Co. v. RLI Ins. Co.*, No. 1:04cv483, 2005 WL 2574150, at *4 (M.D.N.C. Oct. 12, 2005) ("If a defendant is disregarded or is realigned for jurisdictional purposes, that defendant need not consent to removal, and the Court will evaluate jurisdiction based on the positions of the parties after realignment."); *Hidey v. Waste Sys. Int'l, Inc.*, 59 F.Supp.2d 543, 545–46 (D.Md.1999) (realigning parties and determining that diversity jurisdiction existed to support removal); *Folts v. City of Richmond*, 480 F.Supp. 621, 624 (E.D.Va.1979) (recognizing authority to realign parties to determine existence of diversity jurisdiction after case is removed to federal court, but concluding that realignment was not warranted); *Heniford v. Am. Motors Sales Corp.*, 471 F.Supp. 328, 334 (D.S.C.1979) ("Before determining removability under Section 1441(b) on the basis of diversity of citizenship, the court will realign the parties according to their true interest, as it would were the case brought in the federal court originally." (quoting Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction* § 3723, at 603–05)); *see also Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir.2010) (holding that district court properly realigned a named defendant as a party plaintiff after another named defendant removed the action to federal court); *Peters v. Standard Oil Co.*, 174 F.2d 162, 163–64 (5th Cir.1949) (realignment of parties in removed case created diversity jurisdiction). *But see Roblez v. Ramos*, 2001 WL 896942, at *3, 2001 U.S. Dist. LEXIS 11051, at *10 (N.D.Tex. Aug. 1, 2001) (expressing skepticism that courts can realign parties after removal because doing so allows a defendant to remove a case without shouldering the heavy burden of proving fraudulent joinder).

also not difficult to answer. In this regard, it is well-settled in the Fourth Circuit that the test for determining the proper alignment of the parties is a two-step process. Specifically, the court must: (i) determine the primary issue in the controversy; and (ii) align the parties with respect to this primary issue. *See United States Fid. & Guar. Co. v. A & S Mfg. Co.,* 48 F.3d 131, 133 (4th Cir.1995); *Hildebrand v. Lewis,* 281 F.Supp.2d 837, 844 (E.D.Va.2003).

 Here, it is clear that the primary issue in plaintiffs' declaratory judgment action is whether Scottsdale has a duty to defend and indemnify Palm Pools for the claims asserted by the Lott plaintiffs in the Underlying Lawsuit. And, it is equally clear that Palm Pools' interests are more closely aligned with the named plaintiffs than with Scottsdale. Given that Palm Pools faces potential liability to the Lott plaintiffs in the Underlying Lawsuit, Palm Pools clearly has a substantial interest in establishing that Scottsdale has a duty to defend and indemnify Palm Pools for the claims in the Underlying Lawsuit. Likewise, the named plaintiffs in the declaratory judgment action also have an interest in establishing that Scottsdale has a duty to defend and indemnify Palm Pools so as to increase the likelihood of recovery against Palm Pools, which may not have sufficient funds to cover a judgment. Only Scottsdale has an interest in proving that it has no duty to defend or indemnify Palm Pools. Thus, although the plaintiffs named the Palm Pools entities as defendants in the declaratory judgment complaint, those entities are better situated as plaintiffs, as their interests are aligned with the other plaintiffs in this action in seeking insurance coverage.[5]

---

5. Neither reached nor decided here is whether any of the plaintiffs in the declaratory judgment action—apart from the named in-

Accordingly, for these reasons, and for good cause,

It is hereby **ORDERED** that the defendant's motion to realign the parties (Doc. No. 4) is **GRANTED,** and the Palm Pools defendants are hereby **REALIGNED** as party plaintiffs.

The Clerk is directed to send a copy of this Order to all counsel of record.

sured on the Scottsdale policies—are appropriate plaintiffs in this action.