BRAVE VENTURES, LLC, and
Eugene Davis, Plaintiffs,

v.

Jason AMBRESTER and United
States Liability Insurance
Group, Defendants.

Action No. 2:12cv153.

United States District Court,
E.D. Virginia,
Norfolk Division.

April 9, 2012.

Kevin E. Martingayle, Esquire, Stailings Bischoff PC, Virginia Beach, VA, for Plaintiffs.

Christopher I. Jacobs, Esquire, Kalfus & Nachman PC, Norfolk, VA, Carson W. Johnson, Esquire, Elizabeth E.S. Skilling, Esquire, Harman Claytor Corrigan & Wellman, Richmond, VA, for Defendants.

### ORDER

REBECCA BEACH SMITH, Chief Judge.

Named defendant United States Liability Insurance Group, under the corporate name Mount Vernon Fire Insurance Company ("Mount Vernon"), filed its Notice of Removal of this case on March 21, 2012, together with a Motion to Realign Certain Parties ("Motion to Realign"). This matter originally began with a suit filed in the Circuit Court of the City of Virginia Beach by Jason Ambrester against Braves Ventures, LLC t/as Cabo Café ("Brave Ventures") and Eugene Davis. *See Jason Ambrester v. Brave Ventures, LLC t/a Cabo Café et al.,* No. CL11–6262–00. Ambrester is seeking damages from Brave Ventures and Davis, an employee, arising from an alleged February 27, 2010, incident at Cabo Café. Mem. in Supp. of Mot. to Realign 1–2, ECF No. 8. The instant suit was filed by Braves Ventures and Eugene Davis against United States Liability Insurance Group and Jason Ambrester in the Circuit Court of the City of Virginia Beach on February 6, 2012. *See Brave Ventures, LLC t/a Cabo Café et al.*

*v. United States Liability Insurance Group et al.,* No. CL12–619–00. Plaintiffs seek declaratory judgment concerning the parties' rights and obligations under a liability insurance contract issued by Mount Vernon to Brave Ventures in relation to Ambrester's underlying tort action. *See* Complaint for Declaratory and Other Relief, ECF No. 1, Ex. 1.

### I. Motion to Realign

Mount Vernon requests that the court realign the parties in this case to properly reflect the actual issues in controversy as determined from the complaint. Mot. to Realign 1, ECF No. 7. Mount Vernon contends that Ambrester should be aligned as a plaintiff, because the underlying complaint does not contain any claim or cause of action by the plaintiffs against Ambrester. Mem. in Supp. of Mot. to Realign 3. After such realignment, Mount Vernon asserts that the removal requirements would be met. *See* Notice of Removal 2, ECF No. 1. No party responded to Mount Vernon's Motion to Realign, and the matter is now ripe for review.

The moving party, Mount Vernon, has the burden of establishing that the requirements of removal are met. *See In re Blackwater Security Consulting, LLC,* 460 F.3d 576, 583 (4th Cir.2006). These requirements include that any removed action be subject to the original jurisdiction of the district court. 28 U.S.C. § 1441(a). To meet this criteria, Mount Vernon argues that the court has jurisdiction to hear this case under the diversity statute, 28 U.S.C. § 1332. Federal courts only have jurisdiction over diversity actions if (1) the amount in controversy exceeds $75,000, and (2) "complete" diversity exists between the parties. *Id.* § 1332(a); *see Lloyd v. Travelers Prop. Cas. Ins. Co.,* 699 F.Supp.2d 812, 815 (E.D.Va.2010).

Here, the jurisdictional amount is satisfied, as Ambrester's underlying tort claim seeks $750,000 in damages, and thus the declaratory judgment action places an equivalent sum in controversy. Conversely, although Mount Vernon is a citizen of Pennsylvania, it acknowledges that the plaintiffs and Ambrester are all citizens of Virginia, so the action is not completely diverse on its face. *See* Notice of Removal 2. However, this is not the end of the analysis; the Supreme Court has instructed that complete diversity should be guided by "real and substantial parties to the controversy," and not "nominal or formal parties." *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460–61, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). The court has the duty to "look beyond the pleadings and arrange the parties according to their sides in the dispute." *Dawson v. Columbia Avenue Saving Fund, Safe Deposit, Title & Trust Co.,* 197 U.S. 178, 180, 25 S.Ct. 420, 49 L.Ed. 713 (1905). The Fourth Circuit has adopted the principal purpose test for realignment of parties, under which the court determines the primary issue in controversy and then aligns the parties with respect to their positions on that issue. *See United States Fid. & Guar. Co. v. A & S Mfg. Co.,* 48 F.3d 131, 133 (4th Cir.1995).

Examining the alleged circumstances of this matter, it seems clear that Ambrester is not properly aligned as a defendant in this case. The primary issue addressed in the complaint is Mount Vernon's duty to provide coverage for the subject incident. *See, e.g., Nationwide Mut. Ins. Co. v. 1400 Hampton Blvd., LLC,* No. 2:10cv310, 2010 WL 5476748, at *2, 2010 U.S. Dist. LEXIS 137503, at *5 (E.D.Va. Dec. 2, 2010) ("In a declaratory relief action requesting judicial determination of an insurer's duties under an insurance contract ... the primary issue presented in the pleadings is the dispute over an insurer's duty to defend and indemnify."). Ambrester is not a party to the insurance agreement and has no potential duties under the insurance policy itself. As a plaintiff in a separate tort suit in state court, his sole interest in this action would be maximizing his potential recovery, and therefore establishing coverage under any and all insurance policies that could potentially compensate him, if he prevails in his lawsuit. *See, e.g., Lott v. Scottsdale Ins. Co.,* 811 F.Supp.2d 1220, 1224 (E.D.Va.2011) (realigning parties similarly in a declaratory judgment action under an insurance contract). Accordingly, the court **GRANTS** Mount Vernon's Motion to Realign, and defendant Ambrester is **REALIGNED** as a plaintiff in this suit. Thus, his Virginia citizenship is no longer destructive of complete diversity, and federal subject matter jurisdiction exists for this removal action.

## II. Show Cause Order

Concluding that Mount Vernon has satisfied the statutory requirements for removal, the court now turns to whether Mount Vernon waived its right to removal through its actions in state court. On March 13, 2012, eight days prior to removal, Mount Vernon filed a voluntary counterclaim in the instant action in the Circuit Court of the City of Virginia Beach. The counterclaim, brought against Brave Ventures, Davis, and Ambrester, requested a declaration from the state court that Mount Vernon has no obligation to provide coverage under the policy it issued to Brave Ventures.

"A defendant may waive the right to remove by taking some [ ] substantial defensive action in the state court before petitioning for removal." *Aqualon Co. v. Mac Equip.,* 149 F.3d 262, 264 (4th Cir. 1998). In *Sood v. Advanced Computer Techniques Corp.,* 308 F.Supp. 239

(E.D.Va.1969), this court held that the filing of a voluntary counterclaim in state court constituted waiver of the right to removal because the defendant had "invoked the jurisdiction of the court in the same action, and by invoking, submitted to. it." *Id.* at 240 (quoting *Merchant's Heat & Light Co. v. J.B. Clow & Sons,* 204 U.S. 286, 286, 27 S.Ct. 285, 51 L.Ed. 488 (1907)). Similarly, this court has also held that the filing of a voluntary cross-claim can constitute a waiver of the right to remove. *See Baldwin v. Perdue, Inc.,* 451 F.Supp. 373 (E.D.Va.1978); *cf. Bryant Elec. Co. v. Joe Rainero Tile Co.,* 84 F.R.D. 120, 125 (W.D.Va.1979) ("Suffice it to say that voluntary filing of a counterclaim or crossclaim in Virginia has been held to be a waiver of the right to removal."). The Fourth Circuit has cited both *Sood* and *Baldwin* when discussing what type of substantial defensive action could result in a waiver of a defendant's right to remove. *See Aqualon,* 149 F.3d at 264.

Accordingly, Mount Vernon is directed to Show Cause within fourteen (14) days of the date of this Order why this case should not be remanded to state court as a consequence of its decision to file its counterclaim in state court. *Cf. Va. Beach Resort & Conf. Ctr. Hotel Ass'n Condo. v. Certain Interested Underwriters at Lloyd's,* 812 F.Supp.2d 762 (E.D.Va.2011) (holding a defendant had waived its right to removal by filing a counterclaim for declaratory judgment in state court).

## III. Conclusion

The court **GRANTS** Mount Vernon's Motion to Realign, and defendant Ambrester is **REALIGNED** as a plaintiff in this suit. Mount Vernon is **DIRECTED** to Show Cause within fourteen (14) days of the date of this Order why this case should not be remanded to state court based on waiver of Mount Vernon's right to remove.

The Clerk **SHALL** forward a copy of this Order to counsel of record for the parties in this case.

**IT IS SO ORDERED.**